Hoffman for the plaintiff.
From the fadts prefented to the court, it is manifeft, there was a capture of the veffeh This operates as a technical total lofs, and, therefore, whether an acquittal fubfequently took place or not, is immaterial; for the capture alone is fufficient to warrant the abandonment. After this, the affured, who from the moment of capture becomes the agent of the affurer, returns, and making a full avowal of what had taken place, fays, I have done all I could j but the event does not alter the law, I am now, for the firit time, able to communicate with you and abandon. It is not, however, from the capture alone that the plaintiff is entitled to abandon. A lofs of the voyage affords an equal right. Here the goods were bound to St. Jago de Cuba, and the veffel was carried into Jamaica, where ihe was condemned. The only queftion that can arife is, whether on Mr. Ferrers’ fettlement of the average account, the defendant is bound to pay what he has indorfed on the policy to be due ? But fuch is the ruin brought on this poor plaintiff, whofe little all has been locked up by the refufal of the defendant to pay, ever lince 1800, that rather than not have a decifion on the principal queftion this term, he is ready to give up his expenfes. As to thofe, without going minutely into the teftimony, the queftion ought to refolve itfelf into this: What is the relative fituation of Mr. Ferrers with the defendantAll claims, when made on the out-door underwriters, of whom the defendant is one, are referred to Mr. Ferrers, He gives his opinion whether liable to a total or a partial lofs. We do not fay, that when he gives his feniiments if he totally miftakes the law, that they are, on the fails fubmitted, obliged to pay a- *447 total, when only a partial lofs is due. But when an ave-3 % J r e rage lofs is acknowledged, and the fettling it referred to him, and he adjufts the fum, then, as the agent of the underwriters, they are bound by his report. This is not by affording an authority to fettle a point of law, but as yielding a power over items of an account, the principles of which they acknowledge. Nay, even allowing the underwriters not concluded as to the principles, ftill, if in law at all liable, the quantum, except in cafes of erroneous calculation, can never be queftioned. It is like the cafe of a perfon deputed to audit the amount of claims; when the balance is ftruck, it is, errors excepted, final. The doñrine already relied on as to the right of abandonment is not impaired by fubfequent reftitution. For this the court will find authority in 2 Marih. 484.
Pendleton contra. A principal queftion in this caufe is as to the expenfes in the vice-admiralty. The claim for thefe refts only on the report of Mr. Ferrers; for this is the only evidence in the cafe that any were incurred. Such teftimony, however, cannot bind the underwriters; for M. Ferrers himfelf ftates his employment to be merely that of reporting ; after doing which, his ftatement is frequently difregarded, and his adjuftment difputed. This would never be, had Mr. Ferrers an obligatory authority. The fa6t is, he is a mere examiner of accounts, and cannot bind his principals beyond the fcope of his authority. Pie ftates, his principals had a right to diffent from his ftatements, of which the prefent action is in itfelf the ftrongeft proof. But a queftion is certainly made, whether the abandonment was in due feafon. The veffel failed in May, was captured on her voyage, and the abandonment not made till November following. This, considering the diftance of Jamaica, was a grofs delay. We find, however, from the teftimony of the captain of the veffel, that this property was acquitted. The plaintiff, therefore, might have had it again had he fo pleafed. It is a pofition not to be controverted, that every court is invefted with power to enforce its own authority: therefore, if after reftitution awarded, it was not obtained, it muff have arifen from the neglect of the plaintiff, or fome *448 other worfe caufe; for, he mipht have applied to the court, 0 r r and have obtained an order for it. In cafe of refufal, the procefs was eafy, attachment for a contempt.* It is faid, however, that as the voyage was loft, that circumftance would juftify an abandonment. This will prefent a queftion to the court that has not, we believe, ever been decided. Whether an owner of goods, where the veffel in which he íhips is incapable of proceeding on her voyage, by reafon of any accident, is not obliged† to proceed with his goods in ^ome other veffel P Nothing of this fort appears to have been determined. Suppofing him, however, bound, ought not the affured to entitle him to a recovery, to {hew that no veffel could be obtained to forward the property ; or ought the infurer to fhew, by way of defence, that there was ? The principle is, that the captain ought to get a veffel, if fuch a one be to be found ; and it is only in cafes of neceffity that he is authorized to abandon the voyage; if in his power to proceed, he ought to do fo; had it been otherwife, it ought to have appeared in the cafe. 2 Marsh. 378. So in Manning v. Newnham, Park 168. Lord Mansfield lays the ftrefs of the cafe on the captain’s not being able to get another veffel to go on. It is fettled, that when the bottom is neceffarily changed by ihifting the goods from one veffel to another, the underwriter continues liable. Sending on the goods, therefore, in another fhip, would not have exonerated the defendant $ and as it was the plaintiff’s duty, he ought to make out his cafe by {hewing another veffel could not be obtained. This, certainly, is more proper than for the defendant to be put to prove a veffel might have been procured r, becaufe, the affured is to be prefumed to have a correfpondent where his property may be carried, but the underwriter is not. Befides, the plaintiff was on the fpot, and as he might have procured reftitution from the court of admiralty, he may, admitting all the evidence in the cafe to be true, be now in another country with all the property in his poffeilion.
Hoffman in reply. That it is the duty of an affured on goods, in cafe of capture and reftitution, to fend on the articles to the port of their defJnation before he can be entitled
*449 to recover, is a pofition, till now, unheard of in infurance law. He may, perhaps, do it under tire general claufe, empowering him, or his agent's, to a£t for the infurers ; and, if bona fide done, they may, perhaps, be liable. But no authority, we prefume, can he have to change a neutral into a belligerent rifle, as it is probable muft be done, in fending from the port of a nation at war. But, allowing^ it to be as contended, it ought to come from the defendant, becaufe it is urged as an excufe for not paying a total, but a partial lofs. The plain cafe is, there was a capture, and the voyage totally defeated. Either event will juftifyan abandonment. The reftitution is for the benefit of the affurer, who may profecute his claims upon it, by forcing the captors to go on with their appeal j but, on no principle can it be contended, that the affured muft follow it up, to entitle him to recover. This would deftroy the very intent of infurance, which is, in cafe of lofs, to put the underwriter in the place of the underwritten.
Per curiam delivered by Lewis C. J. The objections to the plaintiff’s recovery, on this ftatement of facts, are,
lit. That he had no right to abandon after the acquittal of the property infured.
2d. That the abandonment was out of time.
3d. That he was bound to have procured another vefleL
4th. That the defendant was not bound by the adjuftment.
It is ftated in the cafe, that the veffel failed about the 17th of May 1800 ; but when fhe was captured, or when condemned, does not appear. It appears, however, that though the trunk of goods, on which the infurance was made, was, by the fentence of the court of vice admiralty decree to be reftored, the plaintiff could not regain the poffeffion of it, and that he abandoned it to the underwriters, on the 22d of October following.
Within what precife period an abandonment ought to be made, has never been determined. The time permitted to elapfe between the condemnation, order of reftitution, and abandonment in the prefent inftance, connot be inferred from any thing in the cafe. It is certain, however, that the lofs was total on the 22d of October, and has fo continued
*450 to the prefent moment. The voyage to St. Jago de Cuba, was compleatly broken up, and the plaintiff has never had it in his power to convey the goods thither, even had it been incumbent on him fo .to do, for he has not been able to recover the poffeffion of them. There is no ground then, ©n which either the firft, fecond, or third objections can be fupported. Had the plaintiff even recovered the poffeffion of his goods, it would not, in my opinion, alter the cafe. No dire£t intercourfe can be prefumed to fubfift between the colonial ports of two belligerents ; and were the contrary the fa£t, this is not a cafe, impofing an obligation on the plaintiff to procure another veffel.
, The fourth is rather an objection to the quantum of damages, than to the right of recovery. By the general permiffion in the policy, to labour See. without prejudice Sec. i, the infurer became liable to an average of the expence in-i'curred in the attempt to recover the captured property. It is true, he was not bound by the adjuftment of Mr. Ferrers, and was at liberty to have ihewn that it was erroneous. But this was not even attempted. A circumftance which, when taken in connexion with the character and employment of that gentleman, will warrant the conclufion, that his adjuftment is corred:. We are, therefore, of opinion, judgment be for the plaintiff, for the largeft fum found .by the jury.

 See ante note 445.

 to t A (hip own-carry^aftip-0 per does not; Lüereiore) 11c who does not verafe obliged