## Illinois Mutual Fire Insurance Company

*v.*

## William Archdeacon *et al.*

1. Insurance—*effect of adjustment of loss.* An adjustment of a loss made and entered in writing on a policy of insurance by the insurance company, with a full knowledge of all the circumstances, like other cases of admissions, has the effect to relieve the assured from proving his loss in detail, and to enable him to recover the adjusted amount without further proof.

2. Same—*amount of adjustment can be recovered under common counts.* Where a loss has been adjusted between an insurance company and a policy-holder, and the amount found due the assured on account of his loss indorsed on the policy, the law implies a promise on the part of the company to pay the amount of the adjustment, and it can be recovered under the common count upon an account stated.

3. Same—*recovery on adjustment not affected by limitation in the policy.* In such a case, the suit is upon the new promise, and not upon the policy, and is not affected by any clause in the policy limiting the time within which a suit thereon may be brought.

Writ of Error to the Alton City Court; the Hon. Henry S. Baker, Judge, presiding.

Mr. Levi Davis, for the plaintiff in error.

Mr. Charles Wise, for the defendants in error.

Mr. Justice Craig delivered the opinion of the Court:

This was an action brought to recover the amount of loss which had been adjusted between the insured and the Illinois Mutual Fire Insurance Company, and indorsed upon the back of a policy of insurance held by appellees.

The declaration contained only the common counts, including one upon an account stated.

The policy under which the loss occurred contained the following clause: "It is expressly covenanted by the parties hereto, and one of the conditions hereof, that no suit or action against this company for the recovery of any claim under and by virtue of this policy shall be sustained in any court of law or chancery, unless commenced within the term of one year next after any claim shall occur; and if such suit or action shall be commenced against this company after the end of one year next after such loss or damage shall have occurred, the lapse of time shall be taken and admitted as conclusive evidence against the validity of the claim thereby attempted to be enforced, any statute of limitations to the contrary notwithstanding."

The policy also provided, that all lawful claims shall be due and payable 60 days after the adjustment of the loss.

The property insured was destroyed by fire in the month of October, 1871.

On the 6th day of December of the same year, the loss was adjusted by an agent duly authorized by the company for that purpose, and the following indorsement was written upon the back of the policy:

" Chicago, *December* 6, 1871.

Claim allowed under the within policy, for three thousand dollars, being total loss on proofs submitted.

A. S. Barry,
*Adjuster Illinois Mutual Fire Ins. Co.*"

It is not claimed, on behalf of the insurance company, that the adjustment of the loss was made under or through any misapprehension of the facts, or that fraud or mistake occurred, but it is conceded that the adjustment was in all respects fair, and that the amount of loss, as agreed upon between the adjuster and the insured, was honestly due under the provisions of the policy.

But it is claimed the action should have been brought upon the policy, and should have been brought within twelve months

after the loss; that the adjustment does not take the case out of the limitation clause of the policy.·

. The solution of the question presented will, therefore, depend upon the legal effect of the contract adjusting the loss, as reduced to writing and signed by the company on the policy.

In Phillips on Insurance, sec. 1815, the author says: "An adjustment of a loss made and in writing, with a full knowledge of all the circumstances, and intended by the parties to be absolute and final, is binding, no less than other settlements of accounts and demands."

Parke, in his work on Insurance, Vol. 1, page 266, says: "It has been determined that, after an adjustment has been signed by an underwriter, if he refuses to pay, the owner has no occasion to go into proof of his loss, or any of the circumstances respecting it. This, it is said, has been the invariable custom upon the subject, which seems to be perfectly just, as the underwriter has, under his hand, expressly admitted that the plaintiff has sustained damage to a certain amount."

Starkie, in his work on Evidence, Vol. 3, sec. 1168, lays down the rule, that an adjustment is a written admission of the amount of the loss as settled between the parties and indorsed upon the policy.

The effect, then, as in other cases of admission, is to relieve the plaintiff from proving his case in detail, and to enable him to recover the adjusted amount without further proof.

Where a loss has occurred, and the insured and the company meet and settle, and agree upon the amount of the loss, which is then indorsed upon the policy, the very nature of the transaction would seem to imply that the adjustment should be final and binding, unless fraud or mistake has occurred.

The insurer and the insured both being competent to contract, mutually adjust the differences between them, agree upon a balance, which is indorsed on the policy, and nothing further remains to be done by the insured under the policy, and nothing further is to be done on the part of the company

except to pay over the balance which has been agreed upon and struck.

Can not an action be maintained to recover a balance thus struck, without bringing suit upon the policy?

In *The Farmers' and Merchants' Insurance Co.* v. *Chesnut,* 50 Ill. 112, where the loss had been adjusted and a promise made to pay the same, it was expressly held that an action would lie upon the contract and new promise, and the one year limitation clause in the policy had no application to the contract upon which the action was brought; that, where the company had adjusted the loss and agreed to pay the loss as adjusted, such was a waiver of the provision in the policy requiring an action to be brought within one year.

The only difference between the case cited and this one, is, in the former, a promise to pay the loss as adjusted was proven, while here none was shown, but that can not affect the principle involved, as the law will imply a promise to pay.

We understand the rule to be, that the acknowledgment by a defendant that a certain sum is due, creates an implied promise to pay the amount.   Chitty's Pleading, Vol. 1, page 358.

By the terms of the adjustment, there was found due appellee a certain sum, which was indorsed on the back of the policy.   While the company did not, in express terms, promise to pay the amount, yet, under the agreement, which was signed by the company, that a definite amount was due, the law will imply a promise to pay.

If, then, the loss was adjusted and a balance struck, can it be recovered under a count in the declaration on an account stated?

The answer to this will be found in Chitty on Pleading, Vol. 1, page 358, where the author says: "The present rule is, that, if a fixed and certain sum is admitted to be due to a plaintiff, for which an action would lie, that will be evidence to support a common count upon an account stated."

From this it follows that the action, predicated, as it was, upon the new contract, was not barred by the one year clause

in the policy. The contract of adjustment waived and abrogated that provision. After the adjustment, the rights of the parties became fixed. No affirmative act was required on the part of appellees, to protect their rights. The insurance company was indebted to them in a definite and fixed sum of money, which it was bound to pay, and nothing short of the time prescribed by the general limitation laws of the State would bar their action.

The judgment will be affirmed.

*Judgment affirmed.*