## THE FAME INSURANCE CO.

v.

## ELIZA T. NORRIS.

1. INSURANCE—ADJUSTMENT.—Where a party was employed by an insurance company to go upon the premises, and in conjunction with representatives of other companies and the assured to make calculations and deductions, and after all proper allowances and deductions were made the proportion of the loss to be paid under the policy was ascertained and stated. *Held*, that this was an adjustment, and the fact that it was not formally signed and an express promise made in such manner as to conclusively bind the company will not, under the circumstances of the case, prevent such adjustment from being received as *prima facie* evidence of the right of the assured to recover the amount thereby ascertained.

2. SAME.—A promise to pay the amount may be implied from such adjustment, but the defendant is not estopped by it, and may avail itself of any defense which will show that the implied promise is without consideration.

APPEAL from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding. Opinion filed May 5, 1886.

Mr. HENRY C. WHITNEY, for appellant; that the business performed by Montgomery was not an *adjustment* in legal parlance so as to be binding on the underwriter, cited Phillips on Insurance, § 1815; Park on Insurance, 117; Starkie on Ev. § 1168; Farmers, etc., Ins. Co. v. Chestnut, 50 Ill. 112; I. M. Ins. Co. v. Archdeacon, 82 Ill. 236; Arnold on Insurance, 196, 197; 2 Green on Ev., § 393; Hughes on Insurance, 274.

Messrs. GRANT & BRADY, for appellee; that the pleadings and proofs are sufficient to enable the plaintiffs to recover upon an implied promise, cited Mut. Fire Ins. Co. v. Archdeacon, 82 Ill. 236; Farmers Ins. Co. v. Chestnut, 50 Ill. 112; Abbott's Law Dictionary, title, Adjustment; 2 Phillips on Insurance, Ch. 21, p. 482; 1 Chitty on Pleading, 340; Fowler v. Deakman, 84 Ill. 130; Smith v. Glens Falls Ins. Co., 62 N. Y. 85.

MORAN, J. This appeal is from a finding and judgment in the court below, in favor of appellee.

The *narr.* was the common counts with a special account attached as follows: "To amount of loss as adjusted on policy No. 1968, $244.45."

On the trial plaintiff introduced the insurance policy, and a writing purporting to be an adjustment and apportionment between Norris and Trickey and some twenty-one different companies. It appears from the record that the writing showing the adjustment and apportionment was made by J. C. Montgomery, who was an independent insurance adjuster, and who was employed by Southwick, the general agent of the defendant, to adjust the losses on all policies which he represented in the Norris planing mill fire.

Montgomery met with other adjusters who represented different companies, and with Norris and Trickey, and after making various valuations and deductions the proportion of the loss due on this policy was fixed at $244.45.

The writing showing adjustment and apportionment was taken by Montgomery and Norris to Southwick and delivered to him, and proofs of loss were made out on the basis of the adjustment, and properly executed and also delivered.

The adjustment and proofs of loss were forwarded to the secretary of the defendant company, and it does not appear that any objection, either to the proofs of loss or the adjustment, was ever made to the plaintiff. When making the adjustment, Montgomery stated to Norris and Trickey that he would advise his companies to pay cash on the adjustment.

Counsel for appellant, while he admits "that the sum fixed by Montgomery, in his adjustment, is the true amount of the loss, if the insured is entitled to anything," still insists that what Montgomery did was not binding upon the company, he having no authority to bind it. The contention is that the statement in writing made by Montgomery was not within the meaning of the law an adjustment. An adjustment is defined to be, "the settling and ascertaining the amount of the indemnity which the insured, after all proper allowances and deductions have been made, is entitled to receive, and the proportion which each underwriter is liable to pay under the policy." Marshall on Insurance, 617.

In this case Montgomery was employed by the defendant company to go upon the premises, and in conjunction with the representatives of other companies and the assured, to make calculations and deductions, and after all proper allowances and deductions were made the proportion of the loss to be paid under this policy was ascertained and stated. This would seem to be an adjustment within the foregoing definition, and that it was not formally signed, and an express promise made in such manner as to conclusively bind the company, will not, under the circumstances of this case, prevent such adjustment from being received as *prima facie* evidence of plaintiff's right to recover the amount thereby ascertained.

In Bordes v. Hollet, 1 Caines, 444, where the amount was apportioned and noted on the back of the policy, by one who acted for the defendant and other underwriters in adjusting claims against them, and such adjuster testified " That though he was thus employed and though the underwriters did usually assent to and pay according to his reports, still he had no bind-ing authority on them, for they often disputed his statements, notwithstanding they had not, to his knowledge, on the present occasion, either assented or dissented from the calculations he had made," it was held that though the insurer was not bound by the adjustment and was at liberty to show that it was erroneous, still as there was no dissent from it, and no attempt was made to show it wrong, it was sufficient to sustain the finding and judgment against the underwriter.

On the question of the authority of the adjuster, that case is very much like this one.

Courts do not favor the position sometimes assumed by insurance companies, that an agent employed for a specific work, such as adjustment of losses, and who proceeds to negotiate with the assured and make valuations and deductions, acquiesced in by the assured, for the sake of getting his loss settled, has no authority to ascertain as between the company and the assured the amount due. F. & M. Ins. Co. v. Chestnut et al., 50 Ill. 111.

We think the finding of the court below, that the loss was adjusted, was a just conclusion under the facts in this case and

that the adjustment, as shown by the written statement made by Montgomery, was competent evidence under the common counts and the special account attached to the *narr*. Angell on Ins., 361; 50 Ill. 111; I. M. Ins. Co. v. Archdeacon, 82 Ill. 236.

A promise to pay the amount may be implied from such adjustment, but the defendant is not estopped by it and may avail itself of any defense which will show that the implied promise is without consideration. Herbert v. Champion, 1 Campbell, 134; Colonius v. Hibernia Fire Ins. Co., 3 Mo. App. 56.

.By the special count the defendant was advised that the claim of the plaintiff was for the amount of loss on the policy as adjusted.

There was nothing to prevent defendant from filing special pleas or from proving under the general issue any matter of defense which would defeat the plaintiff's right to recover on the policy. No such defense was attempted, and the judgment was correct and must be affirmed.

Affirmed.