## ROYAL INSURANCE COMPANY OF LIVERPOOL
### v.
### HARRY W. ROODHOUSE AND B. F. ROODHOUSE.

*Fire Insurance—Adjustment—Account Stated—Change in Ownership—Assignment of Dower—Evidence.*

1: In an action against a fire insurance company an adjustment fairly made is conclusive upon the defendant, and the account thereby fixed may be recovered under the common count on an account stated.

2. An adjustment of a loss on a house insured for the benefit of the heirs, and subsequently set off to the widow as dower, can not be avoided on the ground that the adjuster was misled by statements of the plaintiffs in reference to their legal obligation to rebuild. The facts being undisputed both parties are presumed to know their legal effect.

3. An adjustment is not rendered contingent by the fact that a party to it is subsequently to furnish formal evidence of his authority to act for a third party.

4. The exclusion of competent evidence is not a sufficient ground for reversal, if its admission could not have changed the result.

[Opinion filed February 17, 1887.]

APPEAL from the Circuit Court of Greene County; the Hon. G. W. HERDMAN, Judge, presiding.

Messrs. PADDOCK & ALDIS, for appellant.

Mr. MARK MEYERSTEIN, for appellees.

WALL, J. This was an action of assumpsit upon a policy of fire insurance. The case was tried by jury, resulting in a verdict for plaintiffs for $1,693.66, upon which a motion for a new trial having been overruled, judgment was entered.

The record is brought to this court by the insurance company.

The declaration counted specially upon the policy which bore date July 22, 1880, and in consideration of $37.50 insured the heirs of Peter Roodhouse until July 22, 1885, in

the sum of $2,000 upon their two-story frame building, etc.
There were the usual allegations of loss, etc. The declaration
also contained the common counts upon an account stated, etc.
The pleas were non-assumpsit, and a special plea setting up
the facts of a chancery proceeding for partition and assign-
ment of dower, allotting the premises in question to the widow
of Peter Roodhouse and a change of possession whereby, it
was averred, the policy was forfeited. To the second plea
there was a replication that the insurance company was at the
time fully notified of said proceedings and made no offer to
return any part of the unearned premium, but retained the
same and did not cancel the policy.

This replication was demurred to and the demurrer was
overruled. The company abided by the demurrer and made
no further answer to the replication. The issue before the
jury was, therefore, upon the plea of non-assumpsit, and the
chief question of fact was whether there was an adjustment
of the loss and an agreement upon the amount to be paid.

The negotiations were conducted by Harry W. Roodhouse,
for himself and for his minor brother Benjamin, for whom he
was guardian, with R. R. Manners, the adjuster for the com-
pany, and resulted, as claimed by the plaintiff and not seriously
denied by the defendant, in a compromise upon the sum of
$1,575.50, which was to be paid to plaintiffs.

It was argued by the company, however, that this adjust-
ment was not sufficient to support the count on the account
stated because the promise to pay was contingent upon the
furnishing of a certified copy of the letters of guardianship
to the local agent of the company, and because the adjuster
was not fully informed of all the facts, and was misled by
statements of the plaintiffs and their attorney in reference to
their obligation to rebuild.

It appeared that the plaintiffs were the only heirs of Peter
Roodhouse and were the owners of the property at the time
the policy was issued, their title and interest being subject
only to the dower of the widow of said Peter Roodhouse.

After the policy was issued, and two or three years before
the fire, a proceeding in chancery was instituted for partition

Royal Ins. Co. of Liverpool v. Roodhouse.

and assignment of dower, resulting in the allotment of the premises in question to the widow for the term of her natural life.   She secured possession and was occupying, by her tenant, when the fire occurred.

The local agent of the company was notified by Harry W. Roodhouse of these proceedings and was requested to make any needed change in the policy.   No action was taken, however, nor was any objection made.

Assuming that the company was not bound by the adjustment referred to, evidence was offered by the defense to show what was the value of the life interest of the widow and thereby reduce the claim of the plaintiffs.

This evidence was excluded by the court, and this ruling is the chief objection urged in the brief of appellant.

This is, indeed, the only substantial ground of complaint. It is argued by appellant that by the express terms of the policy the insured could claim payment only to the extent of their interest in the property; that by virtue of the proceedings for partition, their interest had been diminished by reason of the assignment of the widow's dower, and while the company could not claim a forfeiture of the policy, it having been notified of the facts and making no objection, it had the right to prove the value of the widow's life interest, and thereby reduce the claim of the plaintiffs.

It is insisted, upon the other hand, that in a legal sense the interest of the plaintiffs, so far as this contract of insurance was concerned, had not been affected by these proceedings, and while the widow's right of possession was exclusive for her life, and while there was no obligation to rebuild, on the part of plaintiffs, it was still their property, in all respects, and that the company could not thereby avoid any part of its liability under the policy, as it was originally made.   After a very thorough consideration of the case, we deem it unnecessary to decide this point, for the reason that, upon the evidence contained in this record, the jury were justified in their verdict, and could not reasonably have reached a different conclusion if the excluded evidence had been admitted.   We think there can be no substantial doubt that there was an adjustment of

the loss, and an agreement upon the part of the company, through the adjuster, to pay, and upon the part of the plaintiffs, through Harry W. Roodhouse, to accept the sum of $1,575.50 in full.

This was to be paid to the plaintiffs as soon as the certified copy of the letters of guardianship was placed in the hands of the local agent, which was done within a day or two. It was not denied that Harry W. Roodhouse was the guardian of his brother Benjamin, his co-plaintiff, and that he had the right to act for him in the premises, nor is it now denied. But it was denied that the formal evidence of that fact should be supplied as a part of the voucher to be held by the company.

Counsel argue that this was such a contingency that the adjustment was not final, and that there was nothing upon which to rest the claim of an account stated. We can not agree to this position. There was no contingency as to the subject-matter of the settlement.

The only condition was the procuring and furnishing of the certified copy before the payment of the money. There was also the implied condition that the policy should be surrendered and the usual release or receipt executed, and we regard this as of the same character. It is urged with more force, however, that the adjuster was misled by the statement of Harry W. Roodhouse, that the heirs were bound to rebuild. This was a question under discussion, the adjuster insisting there was no such obligation.

In his testimony the adjuster makes the following statement: "I got back to Chicago a week after and there was put in my hands a proof of loss, made up in the hand of Mr. Meyerstein. After seeing the paper I went down there about the 14th or 15th of December, 1884. Then I had these conversations the other witnesses have spoken about. I got there on the morning train. I met Harry Roodhouse and he told me that we would go to his lawyer's office. He told me he had put the case in the hands of his attorney and we went there and there were present, Meyerstein, Roodhouse, Captain Pearce and Gardner and Shepherd. We discussed the

dower interest of the widow, because I had information confirming my idea that the widow was not an heir.    Mr. Meyerstein at once admitted the fact that she had no status under the policy.    Judge Whitlock was not present, as I recollect. Immediately following their admission that she had no status under the policy, he said, while that may be true, we are legally bound to rebuild the property, and he said, therefore, we have the entire insurable interest.

" Here followed a long talk between Meyerstein and myself as to the right of the company to deduct the amount of the widow's interest from the whole sum and make the remainder the basis of the company's liability.    He insisted upon the full insurable interest under their legal obligation to rebuild, which, as I contended, did not exist under any general requirement of law.    Considerable discussion followed and the outcome was that $1,575.50 was agreed upon to represent the value of the building.    I proceeded to make up our blank proof of loss under their instructions.    I had no lawyer."

It is manifest there was no fraud or deception here.    The facts were not disputed.    The legal inference is, that as each side was presumed to know, they no doubt did know what was the correct view.    The company can not upon this ground avoid the adjustment.

The remaining point is that the adjustment was made in ignorance of the fact that by the partition proceedings, the widow was assigned the premises and was in possession under the order of court.    From the evidence it is not to be doubted that the whole matter was fully and thoroughly understood by the adjuster.

It is true he says that he did not so understand it, and that nothing was said about the partition case until his return from Chicago, on the 29th of December, some two weeks after the adjustment was made.    In this, however, he is contradicted and discredited by the testimony of H. W. Roodhouse, Judge Worcester, Captain Pearce, Meyerstein and Gardner, all of whom say, with more or less particularity, that the whole matter was fully and distinctly stated.    From his own evidence and from the testimony of these witnesses, we think the

jury were justified in the belief that the position taken on the 29th of December was an afterthought, or else that the adjuster had sought to entrap the plaintiffs by getting H. W. Roodhouse to make out new proof of loss at the time of the adjustment, in which the total loss was stated at $1,575.50, intending to make this the basis of settlement only and not intending to pay the full amount of it to the plaintiffs as promised. It is clearly shown that the sum was agreed upon and to be paid to the plaintiffs, they consenting to accept as a compromise and to get the money without further delay, though claiming the loss was really much greater, as they had stated in the original proof, and it appears that when the adjustment was so agreed on and, as a part of it, the new proof of loss was drawn up by the adjuster and sworn to by the plaintiff, H. W. Roodhouse. Before signing this it was suggested that the amount of loss was really greater, but the point was overruled by the adjuster's reply that the greater would include the less, that it was merely a matter of form, and that the money would be paid in a few days.

Thus assured, Roodhouse signed and swore to the paper without further examination, and did not know that it contained the statement, afterward much relied upon by the company, that there had been no change in the ownership of the property, since the issuance of the policy. We are constrained to hold that upon the proof before them the jury were bound to find that the adjustment was made as alleged by the plaintiffs, and that the excluded proofs, if admitted in evidence, could not have changed the result. If the proof was competent, and if it was error to exclude it, the judgment should not be reversed for that cause. It is settled in this State that an adjustment, when fairly made, is conclusive upon the company, and that the amount thereby fixed, may be recovered under the common count on an account stated. Illinois Mut. F. Ins. Co. v. Archdeacon, 82 Ill. 236; Home Ins. and Banking Co. v. Mayer, 93 Ill. 271.

There was such an adjustment in this case and the judgment is responsive to the rights of the parties.

*Judgment affirmed.*