THE MILLERS' NATIONAL INSURANCE COMPANY

*v.*

JOHN KINNEARD.

*Filed at Ottawa January 22, 1891.*

1. CONTRACTS—*parol contract—supplemental to a contract in writing.* The execution of a written contract may be the consideration for another and a parol contract, when the latter is not in conflict with the former, and makes provision for matters which are untouched by the written contract.

2. SAME—*parol agreement resting upon a compromise of matters arising under a written contract.* Where the amount of a loss by fire under a policy of insurance, and the liability thereunder, are disputed, and the amount of the loss is adjusted by a compromise, and an agent of the insurer promises, orally, to pay the amount of such loss as so agreed upon, within sixty days, which is assented to by the assured, the oral agreement will be a valid contract, and a recovery may be had upon the same.

3. SAME—*consideration—compromise of disputed claim.* A compromise settlement of an unadjusted and disputed claim is valid, and can be enforced. The agreement of one to take a less sum than is claimed, in the absence of fraud, is a sufficient consideration for the promise of the other to pay the lesser sum.

4. AGENCY—*how far principal bound—apparent authority of agent—private instructions.* In case an agent is clothed with apparent power to bind his principal to a certain extent, and does so bind him by his agreement, it will be wholly immaterial, so far as the rights of the party dealing with such agent are concerned, to what extent such agent's power may have been circumscribed by private instructions.

5. SAME—*the rule applied to the adjuster of an insurance company.* On notice of a loss by fire, the secretary of the insurance company which had insured the property wrote to the assured that a person named was the company's adjuster, and that he would call on him, and that such adjuster had authority to "close the matter up as speedily as possible." Such adjuster, when he came, assumed to have authority to make an agreement to pay the loss, and agree upon a definite sum to be paid. The assured had no other notice of the powers of the adjuster, or of his want of power to agree upon the sum to be paid : *Held,* that the agreement of the adjuster to pay a certain amount less than the sum claimed, was binding on the company.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

Messrs. HOYNE, FOLLANSBEE & O'CONNOR, and Mr. MYRON H. BEACH, for the appellant.

Mr. THOMAS BATES, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

In this action of assumpsit, brought by appellee, against the appellant corporation, in the circuit court of Cook county, he got verdict and judgment for $4676.99, and the judgment was affirmed in the Appellate Court.

Appellee was owner of a mill, elevator and other property, worth over $30,000, and on which he had insurance in some five companies, including appellant, amounting to $17,500. The policy of appellant was for $5000. In July, 1885, the insured premises were destroyed by fire. The declaration herein did not count upon the policy of insurance, but contained the common counts, and two special counts, based on an alleged compromise and settlement made between appellee and the appellant and the other insurance companies, and in and by which appellee agreed to receive in full of all demands, and appellant and the other companies to pay, the sum of $13,500 within sixty days from the date of the settlement, of which sum appellant promised to pay the sum of $3872.19 within said sixty days. All issues of fact in the case are by the verdict and the judgment below conclusively settled in favor of appellee.

It is claimed by appellant that two questions of law are involved in the rulings upon the instructions, and otherwise, of the trial and Appellate Courts. . It is suggested that these questions are embraced in the following propositions: First, whether the oral agreement alleged to have been made with

French, the adjuster, was or is valid; second, whether French, as adjuster or otherwise, had authority to make such an agreement or to bind appellant thereby, and whether appellant is bound by it.

French, the adjuster, arrived on the ground on July 20, and for several days was engaged in investigating and adjusting the loss. Appellee was insisting that his damages were greater than the amounts which he finally consented to accept in full satisfaction of his claim, and the adjuster first fixed the loss at less than the sum eventually agreed upon. On July 22 the parties came to an understanding, and the adjuster made out an "adjuster's agreement," which they both signed. This written agreement fixed the amount of loss on each class of insured and destroyed property, and the total loss, and also the insurance upon each class of property, and the total insurance. It covered only the points of amounts of loss and of insurance. It is a conclusively established fact of the case, that in addition to this "adjuster's agreement" there was a parol agreement that within sixty days from that date appellant would pay $3872.19, and that appellee would accept the same in full of all his demands under the policy. This parol contract is not in conflict with the written agreement, but it makes provision for matters which are untouched by the latter. No reason is perceived why a written contract may not be executed, and the execution of such contract be the consideration for another and a parol contract.

The oral agreement upon which the recovery in this case is based was and is a valid contract. A compromise settlement of an unadjusted and disputed claim is valid, and can be enforced. In *Farmers and Merchants' Ins. Co.* v. *Chesnut et al.* 50 Ill. 111, the suit was not upon the policy, but upon an alleged settlement and promise to pay, and the judgment recovered upon the new promise was affirmed. It was there held that the new agreement was not *nudum pactum;* that there was a dispute in respect to the amount due; that Wigle, after

signing a statement of loss at the amount agreed upon, without fraud, could not have recovered a larger sum, and that his agreement to take that sum was a sufficient consideration for the promise of the company to pay it. See, also, *Illinois Mutual Fire Ins. Co.* v. *Archdeacon et al.* 82 Ill. 236; *Simmons* v. *Clark,* 56 id. 96; *Weiger et al.* v. *Gould,* 86 id. 180; *Miller et al.* v. *Hawker,* 66 id. 185.

The other question made in the case is in respect to the authority of French, the adjuster, to make the agreement sued on, and bind the appellant thereby. Under date of July 14, 1885, the secretary of the appellant insurance company wrote to appellee as follows: "We will arrange with the other companies, so that adjusters can meet you at same time and *close the matter up as speedily as possible.*" And on the 17th of the same month he wrote to him thus: "Our adjuster, Mr. French, will be in your place on the arrival of the train from Kansas City, afternoon, Monday next, 20th inst." Among the special findings of fact made by the jury are, in substance, these: That the plaintiff did not know that the investigation made by French was only for the purpose of ascertaining the amount of the loss, and that the insurance company did not intend to waive any of its rights under the policy; that French assumed to be employed by the defendant, with authority to make an agreement to pay the loss which the plaintiff had sustained, and that he assumed to be authorized by the defendant to promise to pay any particular sum of money agreed upon in settlement of the loss.

In view of the fact that appellee had no knowledge of the private instructions given to French by the company, that the secretary of the company had written to him that French was their adjuster, and further, that he had authority to "close the matter up as speedily as possible," and that French assumed to have authority to make an agreement to pay the loss and agree upon a definite sum to be paid, it would seem that the jury could not properly do otherwise than find that, as between

appellant and appellee, French was duly authorized to make the promise to pay $3872.19. As is aptly suggested by the Appellate Court in their opinion, the matter could not be closed up so long as anything was left in dispute. In this case, the company having notified appellee that their adjuster would have the ample powers indicated in the letter of July 14, and he having had no notice otherwise, it is wholly immaterial, so far as his rights are concerned, to what extent the powers of the adjuster were circumscribed by private instructions. (*Northeastern Fire and Marine Ins. Co.* v. *Schettler*, 38 Ill. 170; *Farmers and Merchants' Ins. Co.* v. *Chesnut*, 50 id. 118; *Ætna Ins. Co.* v. *Maguire*, 51 id. 350, and numerous other cases.) The instruction of the court may not have been strictly accurate in respect to the matter of authority, but it is manifest, from what has been said, that it did not injuriously affect the rights of appellant.

There is no substantial error in the record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*