## Farmers' Fire Ins. Co. v. Matthias Gorzelany.

1.   INSURANCE—*Effect of Turning Over to Its Attorney Money to Set-tle Losses.*—The mere fact that an insurance company turns over funds to its attorney to be used in payment of demands against it does not release the company in the event that the attorney refuses to apply the funds as directed.

2.   LIMITATIONS—*In Policies of Insurance.*—When within the period limited in a policy for bringing suits against an insurance company, a settlement is agreed upon by the parties at a certain sum, a recovery may be had upon the agreement without reference to the terms of the policy.

**Assumpsit,** on a policy of insurance. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed June 14, 1900.

**Statement.**—This suit was brought by appellee to recover from appellant a balance due upon settlement of a loss against which appellant had insured. The property insured was destroyed by fire in April, 1895. In June, 1895, the loss was adjusted at $440. Frank E. Baker, Esq., represented appellant, as its attorney, in adjusting the loss.

Certain creditors of appellee brought garnishment suits against appellant. The $440 agreed upon between appellant and appellee was paid over by appellant to its lawyer, Mr. Baker. Appellee surrendered the policy and gave a receipt as for payment of the $440. Baker paid over to appellee a part of the $440, and held back the balance on account of the garnishment proceedings. At the time of retaining the money which he had received from appellant, Baker gave to appellee a written acknowledgment of the same. The policy of insurance contained a provision that no suit should be commenced upon it against appellant for any loss after the expiration of six months from the accruing of the loss. This suit was begun more than six months after the loss to recover for which the suit was brought. The trial court excluded evidence of this provision of limitation.

The trial resulted in verdict and judgment for appellee.

McCLELLAN & SPENCER, attorneys for appellant.

DOUTHART & BRENDECKE, attorneys for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

But two questions are presented upon this appeal; first, as to the effect of the payment over to Baker by appellant of the money agreed upon for settlement of appellee's claim; and secondly, the effect of the limitation provision in the policy of insurance.

The payment of the money by appellant to Baker, its attorney, in no way operated to release it from liability to appellee. The theory of a novation advanced by counsel is untenable. The mere fact that a party turns over funds to his lawyer, to be used in payment of a demand, does not release the principal, in the event that the lawyer retains the funds and refuses to apply them as directed. Nor does the giving of a written acknowledgment by Baker to appellee and the surrender of the policy by appellee, together with his receipts, at all affect the question of appellant's liability. As a matter of fact appellant's lawyer has not yet used the money to pay appellee, and by the same reasoning appellant has not paid appellee.

The verdict, as finding in effect that appellee did not accept Baker in lieu of appellant as his debtor, is amply sustained by the evidence.

Neither does the limitation clause in the policy bar this recovery. Within the period limited, viz., six months, a settlement was agreed upon at $440. This recovery is sustained by the agreement to pay the $440, without reference to the terms of the policy. The Farmers' & Merchants' Ins. Co. v. Chesnut, 50 Ill. 112; Ill. Mut. F. I. Co. v. Archdeacon, 82 Ill. 236.

If this suit was based upon the policy and not upon the contract of settlement of loss, yet appellant would not be permitted, after the agreement to settle, to urge the time limitation for bringing suit as a defense. Home Ins. & B.

Co. v. Myer, 93 Ill. 271; Allemania Fire Ins. Co. v. Peck, 133 Ill. 220.

Therefore there was no prejudicial error in the ruling of the trial court excluding the evidence of the limitation provision.

The alleged assignment of appellee's claim to one Adamezyk, is of no consequence in relation to this recovery.

The evidence as to the pendency of garnishment suits is very contradictory and unsatisfactory.

Counsel for appellant base their argument for reversal upon the two points above considered.

The judgment is affirmed.