## Manchester Fire Assurance Company v. John E. Fitzpatrick.

### Gen. No. 11,698.

1. ACCOUNT STATED—*when recovery for, may be had.* A recovery for an account stated may be had where it appears that an insurance company has recognized and agreed to pay the loss sustained by its insured.

2. COMMON COUNTS—*when recovery may be had under.* Recovery may be had under the common counts where nothing remains to be done but to pay over the money due under the contract.

3. INTEREST—*when may be recovered.* Interest may be recovered upon an account stated.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in the Branch

Appellate Court at the March term, 1904. Affirmed. Opinion filed
May 16, 1905.

STEERE & MOORE, for appellant.

JAMES C. McSHANE, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This action was brought to recover for loss occasioned
by fire upon premises of appellee which were insured by
appellant. After the fire the loss was considered by in-
surance adjusters representing other companies which had
policies outstanding upon the same premises. Bids for re-
pairing the damages were secured from contractors, and by
agreement of the adjusters present with appellee, the con-
tract was awarded to the lowest bidder. The amount of
the bid was apportioned among the different insurance
companies, and under that apportionment the *pro rata* share
payable by appellant was found to be $222 and some cents.
Appellant was not represented at the meeting when this
adjustment was made. Appellee and the contractor there-
fore went to appellant's office to ascertain if the arrange-
ment was satisfactory to appellant. They met the manager
of the Western Department of appellant for the United
States and showed him appellant's policy, which the man-
ager took and examined. He inquired of the contractor
what appellant's *pro rata* share was, and upon receiving the
information, said, " Go ahead and put the buildings in
shape and we will stand our share." The work was accord-
ingly begun. A few days thereafter appellant informed
the contractor that it was not liable under the policy and
told him to stop work. It appeared later that the ground
for denial of liability was that the agent who had secured
the insurance had not turned over to appellant the pre-
mium paid by appellee. The work was, however, finished
according to the contract, and appellee subsequently brought
this suit. No evidence was introduced in behalf of appel-
lant, and the court directed a verdict for the amount of the
latter's *pro rata* share as fixed by the adjusters with in-
terest.

Manchester Fire Assurance Co. v. Fitzpatrick.

It is urged that appellee was not entitled to recover under the common counts, but it is conceded that the common counts are sufficient, where the evidence shows a policy of insurance issued by the defendant to the plaintiff, a loss by fire in the buildings covered by the policy, and that the loss was adjusted and the defendant company promised pursuant thereto to pay a fixed sum to the plaintiff. Miller's National Insurance Co. v. Kinnard, 136 Ill. 199–201, and cases cited. Appellant contends, however, that the contract in this case was between the adjusters and the contractor and not with the plaintiff. The evidence as abstracted does not so indicate. So far as appears the arrangement was that each adjuster for his own company and appellant for itself by its manager, agreed to pay the plaintiff the *pro rata* share of the entire amount due the plaintiff under the policies respectively, necessary to make good his loss. The evidence is sufficiently clear and is uncontradicted that appellant agreed to pay the specific sum as stated, to make good the loss incurred under its policy upon the premises insured.

The claim of appellee is upon account stated, and recovery may be had as in other cases of admission without obliging the plaintiff to prove other and antecedent matters. No reason appears why the agreement on the part of appellant to pay the amount fixed by the adjustment should not be deemed final and binding in the absence of fraud, misunderstanding or mistake. Nothing remained to be done by appellant except to pay over the amount as agreed, and where nothing remains to be done but to pay over the money, the common counts suffice. I. M. Fire Ins. Co. v. Archdeacon, 82 Ill. 236–239.

Appellee was entitled to recover interest on the amount fixed upon settlement of account and ascertaining the balance. R. S., chap. 74, sec. 2. The policy was properly admitted in evidence under the proofs.

Finding no error the judgment will be affirmed.

*Affirmed.*