# Enterprise Lumber Co. *v.* Porter & Newton.

*Damage to Realty by Construction of Railway.*

(Decided Feb. 10, 1910. 51 South. 723.)

*Evidence; Opinion; Value of Property.*—Where objection was interposed to the testimony of witnesses as to the damage resulting to plaintiff's real estate from the construction of defendant's railway, the objection being that their opinion as to the difference in value of the property before and after the construction of the railway took into account the usefulness of the property for residential purposes only, and not its usefulness for manufacturing purposes,

was properly overruled, since the objection went not to the admissibility of the evidence, but to its weight and sufficiency.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by E. R. Porter and W. F. Newton against the Enterprise Lumber Company for damages resulting to their property brought about in a change in the grade of a street by the construction of a railroad therein. Judgment for plaintiff and defendants appeal. Affirmed.

CANDLER, THOMSON & HIRSCH, for appellant.—Counsel discuss the assignments of error relative to evidence, and insist that the court erred therein, and in support thereof, cite the following authorities.—82 N. W. 120; 41 Ark. 202; 98 U. S. 403; 3 Qig. on Evid., Sec. 1917; 17 Cyc. 29; 11 L. R. A. 605; 57 L. R. A. 136; 233 Ill. 452; Sec. 3960, Code 1896; Stein v. Burden, 24 Ala. 130.

R. D. CRAWFORD, for appellee.—Counsel insist that the objections interposed went to the weight and credibility rather than to the admissibility of the evidence, and hence, it was properly overruled.

McCLELLAN, J.—This is the second appeal.—155 Ala. 426, 46 South. 773. The only errors assigned and argued relate to the refusal of the court to exclude, on defendant's motion, the testimony of the witnesses Gregory, Baxley, and Hornsly in respect to the damage resulting to the plaintiffs' real estate in consequence of the construction of defendant's railway.

The argument in support of the motion is that the witnesses testified, on the cross, that their opinion of the difference in value of the property, before and after the

[Enterprise Lumber Co. v. Porter & Newton.]

construction of the railway, took account of the usefulness of the property for residential purposes only, and not its usefulness for manufacturing purposes as well. If these witnesses, having qualified, as they did, to entertain and express an opinion of the market value of this property, predicated their opinion only upon the usefulness of the property for the one purpose, it is obvious that the objection pressed for appellant goes, not to the admissibility of the evidence received, but to its weight, and to the credibility of the opinion based on the limited use indicated. It is the office of cross-examination to elicit from such witnesses the bases of their opinions, as these are affected by the uses to which the property may be reasonably devoted, or to which the property is reasonably adapted. Such matters are ordinarily subjects of opinion only. One witness may well entertain an opinion that certain lots or lands are valuable only for manufacturing purposes, while another may hold to the view that such is not at all consistent with reasonable probability. Such was the case with two of these witnesses. All three of them qualified to give their opinions on the market value of the real estate in the community in question. It may be that they were in error in reaching an opinion on market value, before and after the work was done, of the real estate, without reference to its favorable situation for manufacturing purposes; but, if so, it did not lead to their incompetency to testify as to the market value of the land under the issues in the case.

The court did not err in refusing to exclude the testimony against which the motions were directed. The judgment is affirmed.

Affirmed.

DOWDELL. C. J., and SIMPSON and MAYFIELD. JJ., concur.