MORE SOLOMON, trading as CHAMPION AUTO COMPANY, vs. THE COMMONWEALTH INSURANCE COMPANY.

1. INSURANCE—REQUIREMENTS CAPABLE OF BEING WAIVED IN ACTION ON POLICY CAN BE WAIVED IN ACTION ON ADJUSTMENT AGREEMENTS.

Requirements contained in a policy of insurance, such as furnishing proofs of loss, which may be waived when the suit is on the policy, may be waived when the suit is on an agreement to adjust loss.

2. INSURANCE—AGENCY OF ADJUSTER TO ACT FOR INSURER MUST BE PROVED BY PARTY RELYING ON IT.

The agency of an adjuster to adjust a loss must be proved by the party relying on it.

3. INSURANCE—ADJUSTMENT OF LOSS DOES NOT HAVE TO BE IN WRITING OR INDORSED ON THE POLICY TO BE BINDING.

An agreement between an insured person and an adjuster of an insurance company respecting the amount payable for a loss does not have to be indorsed on the policy or be in writing to be binding.

4. INSURANCE—FINAL AGREEMENT OF ADJUSTER AND INSURER AND IN-SURED CONCERNING LOSS, HELD BINDING.

When an insurance adjuster is employed and directed by an insurer to adjust a loss in a particular case, and agrees with the insured on the sound value of property destroyed, the monetary loss of the insured and the pecuniary liability of the insurer, and definitely agrees with the insured on a compromise settlement of his claim at a certain sum owing from the insurer to the insured, and nothing further is to be done, except payment of the sum agreed upon, the adjustment is final and binding on the insurer, in the absence of fraud or mistake.  (*February* 3, 1922)

PENNEWILL, C. J., and RODNEY, J, sitting.

*Daniel O. Hastings and Clarence A. Southerland* for plaintiff.

*Andrew C. Gray*, (of Ward, Gray & Neary) for defendant.

Superior Court for New Castle County, January Term, 1922.

SUMS. CASE, No. 171, September Term, 1921.

For report of some case in the Supreme Court, see 2 W. W. Harr.—(32 Del.)

· Action by More Solomon, trading as Champion Auto Company against The Commonwealth Insurance Company on an insurance contract.

It is alleged in plaintiff's declaration that certain goods, chattels and fixtures of the plaintiff were insured by the defendant under two policies of insurance against loss or destruction by fire; that on or about February 19, 1921, the said goods and chattels were destroyed by fire; that the plaintiff thereafter made claim under said policies of insurance against the said defendant, for the payment of the sum of $9,700, said sum being the amount of the loss sustained by the plaintiff and due to him under said policies of insurance, and that the defendant denied its liability to pay said sum. That thereafter, on or about March 15, 1921, the defendant, · in consideration that the plaintiff would abandon a portion of the said claim and release the defendant of all liability on said contracts or policies of insurance, promised to pay to the plaintiff within 60 days from the date of said fire the sum of $6,836.64 in full settlement of said claim. The said insurance policies are in evidence, but this action is brought, not on the policies, but on an agreement alleged to have been made by the defendant company with the plaintiff to pay the plaintiff a certain sum of money in compromise settlement of plaintiff's claim.

It is not disputed that the defendant company issued to the plaintiff two policies of insurance, the one covering stock in a garage and fixtures,· and the other an automobile and truck; that the aggregate insurance in both policies was the sum of $9,700, and that practically all the property insured was destroyed by a fire that occurred very soon after the policies were issued; that after the fire the company employed a general adjustment bureau to adjust the loss of the insured, and that the bureau sent an agent or representative to the scene of the fire to adjust said loss.

It is contended by the plaintiff that the contract or agreement on which the suit is brought was made with the plaintiff through an agent of an insurance adjustment bureau which was employed by the defendant to adjust the loss of the plaintiff growing out of

Opinion.

the fire, and that said agent had all the power in the premises that the bureau possessed.

It is also contended by the plaintiff that the adjuster employed by the defendant and directed to adjust the plaintiff's loss had authority, as the representative of the defendant, to agree with the plaintiff on the sound value of the property destroyed, the amount of plaintiff's monetary loss, the pecuniary liability of the defendant, and the amount owing from the defendant to the plaintiff in settlement of his claim, which agreement was binding on the defendant, and which amount it was bound to pay. Such are the principal contentions of the plaintiff.

The defendant admits that its adjuster was authorized to agree with the plaintiff on the sound value of the property destroyed and the plaintiff's monetary loss, but denies that he had any authority to bind the defendant to pay any particular sum in settlement of the plaintiff's loss. And the defendant denies that the adjuster undertook to so bind the defendant, contending that all he did was to agree with the plaintiff respecting the sound value of the property and his monetary loss in conformity with the requirement of the policies in that behalf.

The defendant further claims that the adjuster could not make such an agreement as the plaintiff claims was made, because he did not have the power to waive certain provisions of the policies or foreclose the defendant of certain rights it had under the policies, viz. among other things, to have the loss adjusted in accordance with the terms of the policies, to have the plaintiff respond to notice from the defendant to furnish, under oath, information that might be desired by the defendant after the fire; nor could any one be deemed the agent of the company in any matter relating to the insurance, unless duly authorized in writing.

PENNEWILL, C. J., after stating the facts and contentions as above, charging the jury:

[1] It has been held by the courts of this state that certain requirements contained in a policy of insurance may be waived, even when the suit is on the policy, for example, the furnishing of

proofs of loss, and if certain provisions may be waived when the suit is on the policy, we fail to see why they may not be waived or disregarded if the suit is on a new agreement. They do not seem to us to be as material in the latter as in the former case.

There are two principal questions that the jury must decide, under the evidence, and the law as the court shall declare it.

(1)  Did the adjuster, who was authorized and directed to adjust the plaintiff's loss, have power to make a contract or agreement with the plaintiff fixing the amount owing from the defendant to the plaintiff in compromise settlement of plaintiff's claim?

(2)  If the jury find that the adjuster had such power, then they must determine whether such an agreement was actually and finally made.

The defendant claims, not only that the testimony fails to show that the agreement as alleged by the plaintiff was made, but that it shows it was not made, and in support of this contention relies, among other things, on the testimony of the adjuster, and on the fact that proofs of loss were made out for the plaintiff, by his own adjuster, and sent to the defendant, some time after the making of the alleged agreement, which shows that no final settlement or agreement had then been made between the plaintiff and defendant. This, we may say, is, if proved, a circumstance that the jury should consider in determining whether such an agreement as is relied on by the plaintiff had been actually made.

[2]  On the question of an adjuster's power, under his authority to adjust a loss, we will say that agency cannot be presumed; it must always be proved by the party relying on it, but it may be proved in various ways. The power of an admitted agent to do a particular thing may, in some cases, be shown by the nature of the business in which he is admittedly engaged. An insurance adjuster employed by an insurance company to adjust a particular loss has certain powers in connection with that business which seem to be reasonably well defined in many adjudicated cases.

In the case of *Illinois Fire Insurance Co. v. Archdeacon et al.*, 82 *Ill.* 236, 25 *Am. Rep.* 313, the court said:

"Where a loss has occurred, and the insured and the company meet and settle, and agree upon the amount of the loss, which is then indorsed on the policy, the very nature of the transaction would seem to imply that the adjustment should be final and binding, unless fraud or mistake has occurred."

The amount of the loss in that case was indorsed upon the policy by the adjuster.

The court further said, in referring to the case of *Insurance Co. v. Chestnut*, 50 *Ill.* 112, 99 *Am. Dec.* 492.

"The only difference between the case cited and this one is: In the former, a promise to pay the loss as adjusted was proven, while here none was shown; but that cannot affect the principle involved, as the law will imply a promise to pay."

[3]   In that case the amount of the loss was in writing, and indorsed on the policy by the adjuster; but we think it is not essential that the agreement be indorsed on the policy or that it be in writing. It is essential, however, that there shall be a clear and binding agreement between the insurer and insured.

[4]   As a result of an examination of the authorities on the subject, we take this to be the law: When an insurance adjuster is employed and directed by the insurer to adjust a loss in a particular case, and in the performance of that duty agrees with the insured on the sound value of the property destroyed, the monetary loss of the insured and the pecuniary liability of the insurer, and also definitely and finally agrees with the insured on a compromise settlement of his claim at a certain sum owing from the insurer to the insured, and nothing further remains to be done by the insured, and nothing further is to be done on the part of the company except to pay over the balance which has been agreed upon, the adjustment is final and binding on the insurer, unless fraud or mistake has occurred. And so we say, if you believe from the preponderance of the testimony that the defendant, acting through its own adjuster, who was authorized and directed by the defendant to adjust the plaintiff's loss, agreed with the plaintiff on the sound value of the property destroyed, the plaintiff's monetary loss and defendant's pecuniary liability, and also definitely and finally agreed with the plaintiff on a certain sum owing from the defendant to the plaintiff in compromise settlement of plaintiff's

claim, the defendant is bound to pay such sum, if there is no fraud or mistake shown, and nothing remains to be done by the parties except the payment and acceptance of the amount agreed upon.

But if you are not satisfied from the testimony that the adjuster who made the alleged agreement with the plaintiff was the agent of the defendant in the transaction, and authorized to make the alleged agreement in behalf of the defendant, or if you are not satisfied that the alleged agreement was a definite and final agreement between the plaintiff and defendant on a certain sum owing from the defendant to the plaintiff in compromise settlement of plaintiff's claim, your verdict should be for the defendant.

If your verdict shall be for the plaintiff, it should be for such sum as you believe from the testimony he is entitled to receive under the alleged agreement, together with interest from such date as the testimony shows it should be computed.

Verdict for plaintiff.