(122 So. 346)
### GLOBE & RUTGERS FIRE INS. CO. v. PAPPAS et al.   (4 Div. 391.)

Supreme Court of Alabama.   May 9, 1929.

Steiner, Crum & Weil, of Montgomery, and W. H. Merrill, of Eufaula, for appellant.

334

Chauncey Sparks and McDowell & McDowell, all of Eufaula, for appellees.

SAYRE, J.  The complaint follows strictly the Code form (Code, § 9531, form 13), and we find no tenable objection to it on account of the fact that plaintiffs' entire claim for loss of dwelling, storehouse, stock of goods, and household and store fixtures, all insured in one policy, is stated in one count. We find no sufficient reason for requiring a multiplicity of counts. The cases cited to this point by appellant, Capital City Ins. Co. v. Jones, 128 Ala. 361, 30 So. 674, 86 Am. St. Rep. 152, and Southern Railway Co. v. McIntyre, 152 Ala. 223, 44 So. 624, are inapt. They deal with questions of a different character.

Defendant by its special pleas 4, 5, and 6 sought to defeat plaintiffs' entire claim, embracing a claim for the loss of dwelling, storehouse, and fixtures along with the loss of a stock of goods, for the reason that, as alleged, plaintiffs kept no books or inventory, as required by the policy in suit. These stipulations of the policy cannot in justice and reason be held to have any proper relation to the loss of the dwelling or storehouse. Hanover Fire Ins. Co. v. Crawford, 121 Ala. 258, 25 So. 912, 77 Am. St. Rep. 55; Hanover Fire Ins. Co. v. Wood, 213 Ala. 132, 104 So. 224, 39 A. L. R. 1436. As held in the cases just cited, the contract of indemnity was divisible, and plaintiffs could not be defeated of a recovery for the loss of storehouse and dwelling by reason of the fact that he kept no books or inventory to show his loss by the burning of his stock of goods. This consideration may seem to indicate the propriety of different counts in the complaint; but there was one contract only, though divisible, the declaration was in the form permitted by the Code, and, in these circumstances, we prefer the method of pleading adopted by defendant when, after demurrer sustained, it amended these pleas to make them answer so much of the complaint as claimed damages for the loss of the stock of goods. Its pleas, as amended, were allowed. Appellant's brief treats plea 9 as being in the same category.

To pleas alleging a breach by plaintiffs of that stipulation of the policy providing for proof of loss within 60 days, plaintiffs replied in several replications, setting up the fact that they had made proof of loss after 60 days, and that defendant had made no objection to the proof of loss so made. These replications were insufficient, since no duty rested upon defendant to point out to plaintiffs wherein their proof of loss was insufficient in any essential matter—such as a requirement that it be made within 60 days—a requirement appearing on the face of the policy. But we do not direct a reversal on this ground, for the reason that the evidence showed without dispute that within the time stipulated plaintiffs furnished an itemized statement of the loss claimed to defendant's agent then investigating the loss on the ground, and no objection was taken against the proof of loss so furnished, nor any to the statement offered in evidence. What the policy requires of the insured in a case of this character is a reasonable and substantial compliance with its stipulations, and it is a general rule that, though the proof furnished does not entirely comply with the requirements, it will be deemed sufficient, in the absence of objection then taken. 7 Cooley's Brief (2d Ed.) 578, 579. These rulings were therefore error without injury.

It was objected to the policy offered in evidence that the loss therein insured against was made payable to J. E. Wood, Jr., who, it appeared in evidence, held a mortgage on the real estate. This stipulation of the policy was in terms limited to the item of insurance on the building. Appellees were entitled to sue for the rest. Capital City Ins. Co. v. Jones, 128 Ala. 364, 30 So. 674, 86 Am. St. Rep. 152.

The question whether defendant had notice of the loss—the policy provided that, in the event of fire, the insured should give immediate notice of loss in writing—asked for a conclusion of the witness, and his answer was nothing more than a conclusion. The

facts constituting notice should have been elicited by apt questions.

■ Hugh Sparks was defendant's local agent. He conducted a person—whose name is not shown—to plaintiff Pappas, and this person, to whom for convenience we will refer as the adjuster, engaged in an investigation of all the circumstances of the loss, and to him plaintiff Pappas delivered the itemized list of the goods for the loss of which he claimed a recovery. Exceptions were reserved to various questions seeking to elicit the fact in general that this adjuster represented defendant insurance company. These questions developed the fact that at least the adjuster had apparent authority to act in the premises for defendant, and justified plaintiff in dealing with him as such, delivering to him the itemized list which we have allowed, in the circumstances, to serve the purpose of what might have been a more formal statement or proof of loss. Walker v. Lancashire Ins. Co., 188 Mass. 560, 75 N. E. 66.

Appellees were allowed to show that the so-called proofs of loss lodged by them with appellant after 60 days contained a notation of the same goods as that shown by the lists which we have thought might serve the purpose of the proof of loss contracted for. The proof thus allowed was futile, because the post 60-day list was a proof of loss or it was not. In either case nothing was to be accomplished by showing the identity of the two lists. But we would hesitate to reverse on this account. The matter insisted upon as error just here appears to be immaterial.

■■ Over defendant's objection, plaintiffs were repeatedly allowed to show offers of compromise by defendant's adjuster investigating the loss. These rulings were errors to reverse. Feibelman v. Manchester Fire Assur. Co., 108 Ala. bottom of page 198, 19 So. 540. The authority here cited, we assume as matter of course, undertakes to affirm a rule as to offers of compromise rejected, such being the fact in that case, and in this according to the testimony of plaintiff Pappas. Nor can such an offer be shown in proof of agency. 7 Cooley's Brief (2d Ed.) 6118, 6119. Moreover, in this case, plaintiffs were allowed to ask defendant's agent to say whether he had expressed the opinion that defendant was liable. These questions would have been considered on appeal as of no moment, because answered in the negative, but they were allowed to become the predicate for testimony by plaintiff in contradiction, and so in impeachment, of defendant's witness to whom we have referred as adjuster. His authority to adjust was denied, though his authority to investigate was subsequently admitted in effect. Upon plaintiffs rested the burden of proving by competent evidence that the so-called adjuster had authority to adjust. Solomon v. Commonwealth Ins. Co., 1 W. W. Harr. (Del.) 581, 117 A. 126. For more than one reason, therefore, error to reverse must be affirmed at this point.

■ The general agency of Knox in this state was not improperly allowed to be shown by the testimony of the local agent Sparks. Such parol evidence is admissible of necessity. Jones on Ev. (2d Ed.) p. 2849. But the testimony as to Knox's statement that "We are going to have to pay it" should have been excluded, since it cannot be construed as an admission of liability. The witness did not so construe it; neither do we. What else Knox said to plaintiff's attorney was said in the course of a negotiation for the purpose of adjusting the matter in controversy, and falls under the condemnation of the rule against proof of offers of compromise, and should not have been admitted in evidence. Sandlin v. Kennedy Stave Co., 165 Ala. 579, 51 So. 622. The privacy of such communications is necessary in order to encourage extrajudicial settlements. 3 Jones on Ev. (2d Ed.) 1949. Like consideration affects some of the other rulings assigned for error.

■ The contract between the parties, in writing, provided that plaintiffs would take an inventory and keep a set of books showing a complete record of his business. Pleas alleging plaintiffs' failure to keep these covenants of the policy went to the jury as answers to the claim for loss of the stock of goods. It was error to allow plaintiffs to testify that before the policy was issued he told defendant's local agent that he kept no books—this, evidently, being offered, and accepted by the court, as excusing plaintiffs' failure to keep books. If what passed between plaintiffs, or one of them, may be referred to as an agreement, it was nevertheless of no avail because merged in the subsequent contract in writing expressly covering the same matter. For aught appearing on the record in this cause, defendant was entitled to the general charge as to the claim for goods destroyed. Insurance Co. of North America v. Williams, 200 Ala. 681, 77 So. 159.

We have said enough to indicate our opinion that the judgment under review should be reversed. There are numerous assignments of error, some of which we have not touched upon directly. They will not recur in their present shape.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.