GEORGIA LIFE INSURANCE COMPANY ET AL. *v.* OTTER CREEK COAL COMPANY.

[No. 9,484.   Filed April 3, 1918.]

1. PRINCIPAL AND AGENT.—*Continuance of Agency.—Presumption.—Liability of Principal.*—A general agency once established is presumed in law to continue, and one dealing with such person as the agent of his principal, in good faith, is not affected by the revocation of the agent's authority, unless notice is given thereof. p. 280.

2. INSURANCE.—*Employer's Liability Insurance.—Notice of Accident.—Compliance with Policy Provisions.*—A provision of an employer's liability policy requiring written notice to the insurer or its agent of any claim made on account of accident, is complied with by insured's sending all notices and summons to the general agent who wrote the policy and who sent such notice to the insurer, where insured had received no notice of the revocation of the agent's authority. p. 280.

3. PRINCIPAL AND AGENT.—*Revocation of Agency.—Necessity of Notice.*—Notice of the revocation of an agency need not be in any particular form and need not be communicated in any particular manner, but to be effective it must be clear and unequivocal. p. 281.

From Vigo Superior Court; *Fred W. Beal*, Judge.

Action by the Otter Creek Coal Company against the Georgia Life Insurance Company and another. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Royse, Dix & Cooper,* for appellants.
*G. S. Payne,* for appellee.

DAUSMAN, J.—Appellee instituted this action against appellants, Georgia Life Insurance Company and Georgia Casualty Company, to recover on an employers' liability policy. Verdict and judgment for appellee in the sum of $2,263.55.

On December 14, 1911, the Georgia Life Insurance Company issued its policy to appellee, by which it agreed "to indemnify the assured against loss arising or resulting from claims upon the assured for damages on account of bodily injury accidentally suffered, or alleged to have been suffered, while this policy is in force * * * by any employe of the assured," and also to defend the assured against said claims, and pay expenses and costs of litigation. Subsequently said life insurance company changed its name to Georgia Casualty Company. The policy was issued through George M. Cobb and Company, appellant's general agent for the State of Indiana.

On July 6, 1912, one Jeff Knott, while employed by appellee as a workman in its coal mine, received an injury by accident. Knott made claim upon appellee for compensation by way of damages. Appellee referred this claim to Cobb and Company. The casualty company refused to recognize liability under the policy. On April 17, 1913, Knott brought suit on his claim against appellee. Two days thereafter appellee sent notice of the suit, together with the sum-

mons therein issued, to Cobb and Company. The casualty company refused to defend. Appellee made defense. Trial resulted in verdict and judgment for Knott. This action is to recover the amount paid by appellee on the Knott judgment, together with expenses incurred in making the defense.

The real trouble grows out of the inexcusably careless method of transacting business which prevailed between the casualty company and its said agent. Cobb and Company formally resigned as agent for the casualty company in the latter part of April or the first part of May, 1912. But, notwithstanding this resignation, Cobb and Company continued to receive monthly payments of premium on said policy from appellee, the last of which payments was made on July 25, 1912, and continued to transact business in a general way for the casualty company by receiving and transmitting premiums and reports of accidents and notices of claims, by cancelling policies, and in other ways, until December, 1912. This character of service was rendered under the direction of one Mr. Eps, manager and superintendent of agencies for the casualty company. It would be useless to relate what Cobb and Company did with appellee's communications concerning the Knott claims, for it appears from the evidence that Cobb and Company transmitted direct to the casualty company, on October 18, 1912, notice of said claim, and the casualty company had ample time and opportunity to defend against said claim, if it had cared to do so.

Appellant's main contention is that appellee did not comply with the following provisions of the policy:

"When any accident occurs, the assured shall

give immediate written notice thereof to the company at its home office in Macon, Georgia, or to its duly authorized agent. If any claim is made on account of such accident, the assured shall give like notice thereof.''

The only questions presented for review arise out of the giving of certain instructions; and the entire controversy as to the law of the case may be fully and fairly settled by determining the merits of the following instruction: ''No. 9. The court instructs you that a general agency once established is presumed in law to continue, and one who deals with such persons as the agent of his principal, in good faith, is not affected by the revocation of the agent's authority to act as agent, unless notice is given such third person of the revocation of such agency. So in this case, if you find the Otter Creek Coal Company obtained the policy in suit through George M. Cobb and Company, and you further find that George M. Cobb and Company, at the time said policy was issued, if any was issued, was the general agent of the Georgia Life Insurance Company, now the Georgia Casualty Company; and that the Otter Creek Coal Company sent all notices and summons to the general agent of the defendants; and that such agent received the same and forwarded the same to the defendant's general counsel; and that the defendant made no objection to such service of said agent, then the defendant would be bound by the acts of such person or persons, acting as such agents, unless you find that the insured had notice of the revocation of the agent's authority to act.

The instruction correctly states the law. *Spring-field Engine, etc., Co.* v. *Kennedy* (1893), 7 Ind. App. 502, 34 N. E. 856. Of course, notice of the revocation of an agency need not be in any particular form and need not be communicated in any particular manner; but to be effective it must be clear and unequivocal. Mechem, Agency §623 *et seq.* In the case at bar there is no evidence tending in the slightest degree to prove that appellee had notice, actual or constructive, of the revocation of Cobb and Company's agency.

All other objections to the instructions may be put aside as being without merit. Judgment affirmed.

NOTE.—Reported in 119 N. E. 151. See under (1) 31 Cyc 1305, 1639, 2 C. J. 539, 920; (2) 31 Cyc 1306, 2 C. J. 541; (3) 1 C. J. 471.