**Levinus JOHNSON, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 3–580A150.

Court of Appeals of Indiana,
Third District.

April 16, 1981.

---

K. Richard Payne, Grimm & Payne, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

This appeal was brought from a judgment ordering forfeiture of the bail bond which was posted for Levinus Johnson in a criminal case in the Steuben County Court. The issue presented for appeal is whether sufficient notice of the forfeiture was given.

On November 27, 1978 Levinus Johnson was charged with driving while intoxicated, pursuant to IC 1971, 9–4–1–54 (Burns 1980 Repl.), and the criminal cause entitled *The State of Indiana v. Levinus Johnson* was filed in the Steuben County Court. Johnson being then in custody, was brought before the court on November 27, 1978 for formal arraignment, at which time he entered a plea of guilty and judgment was entered accordingly. The court continued the cause for sentencing until November 29, 1978, and set bond in the amount of $1,500. On November 28, 1978, recognizance bond in the amount of $1,500 was posted for Johnson by Allegheny Mutual Casualty Company (Allegheny). The bond was filed on November 29, 1978. On November 29, 1978 Johnson failed to appear for sentenc-

ing and the court ordered forfeiture of the bond. A copy of the order was mailed by certified mail to Allegheny Mutual Casualty Company and received by it on December 4, 1978. On December 6, 1979 the court entered judgment against Allegheny on Johnson's bond.

The form bond in the present case reads, in pertinent part, as follows:

"That we, Levinus Johnson as principal and ALLEGHENY MUTUAL CASUALTY CO., as surety, jointly and severally acknowledge ourselves bound to the State of Indiana in the sum of Fifteen Hundred and no/100 dollars. If Levinus Johnson principal shall appear on the 29 day of Nov., 1978, in the Steuben County Court to answer a charge of DUI, Speeding, Unsafe Lane Movement and from day to day and from term to term thereof, and abide the order of the court until said cause is determined and not depart therefrom without leave, then this recognizance shall be void, else to remain in full force.

"If the above-named defandant [sic] shall not appear at any time fixed in this bond, the court shall thereupon declare this bond to be forfeited and notice of such forfeiture shall be mailed to ALLEGHENY MUTUAL CASUALTY CO., the surety, at it's [sic] Bond Department, 24 Commerce St., Newark, New Jersey, 07102, and it's [sic] Supervising Agent, BELL ENTERPRISES, INC., POST OFFICE BOX 1423, Indianapolis, Indiana 46206 and Jack E. Lee 524 S. Calhoun St. Fort Wayne, IN. 46802 in Allen County and State of Indiana...."

The moving parties in this appeal contend that because notice of forfeiture was not received by the bondsman, Jack E. Lee, the court violated IC 1971, 35–4–5–12 (Burns 1979 Repl.) and erred in entering a judgment on the bond forfeiture.

IC 1971, 35–4–5–12 provides in applicable part:

"In case the defendant shall not appear as provided in the bond, the court shall thereupon declare the bond forfeited and the clerk shall mail notice of such forfei-

ture to the addresses indicated in the bonds, and if the bondsmen do not produce the defendant or prove that the appearance of the defendant was prevented by illness, or by the death of a defendant, or the trial defendant was being held in custody of the United States, a state or a political subdivision thereof, or if required notice was not given within one hundred eighty [180] days after such mailing and [if the bondsmen do not] pay all costs and satisfy the court that the defendant's absence was not with the consent or connivance of the sureties, the court shall at once enter judgment, without pleadings and without change of judge or change of venue, against the bondsmen for the amount of the bond and the clerk shall at once record the judgment...."

In the recent case of *Allied Fidelity Ins. Co. v. State* (1980), Ind.App., 413 N.E.2d 963, (transfer pending) a case very similar to the one before us, this Court provided a thorough historical analysis of the statutes which have governed bail, or recognizance bonds. A tracing of the statutes and their amendments shows that the language of the statutes has been obfuscated. *Allied Fidelity Ins. Co., supra*, at 968. In *Allied Fidelity* this Court concluded that notice of forfeiture received by either the bondsman or the insurer was sufficient.

"In short, the insurer-surety bondsman relationship is nothing more or less than an agency relationship. As State argues and Allied concedes, absent specific statutory requirements, notice to an insurance company's agent is sufficient. *Georgia Life Insurance Company, supra* [67 Ind. App. 277, 119 N.E. 151]. We find no specific statutory requirement that notice of forfeiture must be mailed to the insurer in addition to, or to the exclusion of, the surety bondsman. Notice of forfeiture must be mailed, of course, to one or the other, or the entry of the judgment would be improper. *Starkie, supra* [113 Ind.App. 589, 49 N.E.2d 968].

413 N.E.2d at 968.

In *Allied Fidelity*, the bondsman had received notice of the forfeiture but the insurer had not. In the present case, just the opposite is true.

Having found no reversible error, the judgment of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.