GEORGE W. HARNDEN *vs.* MILWAUKEE MECHANICS' INSURANCE COMPANY.

Essex.    January 16, 1895. — October 17, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Fire Insurance — Proof of Loss — " Forthwith rendered " — Law and Fact — Trial — Delivery — Agency — Custom.*

In an action upon a policy of insurance against loss by fire, which provides that, in case of any such loss, a proof of loss shall be forthwith rendered by the insured to the company, it is a question for the jury, under all the circumstances of the case, whether such a proof rendered two months after a loss under the policy was "forthwith rendered."

A policy of insurance against loss by fire provided that, in case of any such loss, a proof of loss should be forthwith rendered by the insured to the company. In an action upon the policy, it appeared that the property insured was situated in a large city, and was destroyed in an extensive fire ; and that the proof of loss was not rendered until two months after the fire. There was evidence tending to show that the plaintiff, by reason of impaired health, was unable to enter upon an examination of his affairs for upwards of three weeks ; that he could not get at his books for a week ; that he had to take an account of stock for three years, and it took two weeks to get at the footings ; that it was customary to wait for the committee of adjusters to finish their work ; and that after the proofs of loss were prepared they were printed, and he then swore to them and gave them to the broker through whom the insurance was effected, who testified that he gave them when ready to the defendant's local agent. *Held,* that the jury were justified in finding that the proof of loss was " forthwith rendered."

A policy of insurance against loss by fire provided that, in case of any such loss, a proof of loss should be forthwith rendered by the insured to the company. At the trial of an action upon the policy, certain evidence was admitted, subject to

the defendant's exception, on the question of the plaintiff's diligence in rendering the proof of loss. Subsequently, the defendant, reserving its rights only as to certain rulings which it had requested and which had been refused, agreed that, if the proof of loss was delivered to the defendant's local agent with a promise on his part that he would forward it, the jury might find for the plaintiff; which they did. *Held*, that the effect of this agreement and of the finding was to render immaterial the exceptions to the admissibility of the evidence.

If a local agent of an insurance company has apparent authority, by custom or otherwise, to receive proofs of loss, a delivery to him of such proofs will constitute a delivery to the company, even if he has not authority, from the nature of his agency, to receive them, or if also, in the absence of custom, a delivery to him under the circumstances of the case would not have been a reasonable mode of sending the proofs to the company.

Apparent authority on the part of a local agent of an insurance company to receive proofs of loss may be implied from a universal custom among insurance companies for local agents to prepare proofs of loss and send them to the companies when it is not done by the adjusters.

CONTRACT, upon a policy of insurance for $1000, issued by the defendant, against loss by fire on the plaintiff's property in Lynn. At the trial in the Superior Court, before *Sherman, J.,* the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion. ·

The case was argued at the bar in January, 1895, and afterwards was submitted on the briefs to all the judges.

*H. F. Hurlburt & E. T. McCarthy,* for the defendant.

*W. H. Niles,* for the plaintiff.

MORTON, J. The policy in this case provided that, " in case of any loss or damage under this ·policy, a statement in writing signed and sworn to by the insured shall be forthwith rendered to the company, setting forth the value of the property insured," etc. The fire occurred on the 26th of November, 1889. The first statement under the above provision was rendered in the latter part of January, 1890. It is contended that it was not rendered " forthwith." But we think that it was rightly left to the jury, with instructions to which we see no objection, to say whether under all the circumstances that was or was not done.

The property described in the policy was situated in Lynn, and was destroyed in a great fire which occurred on the date above stated. The fire was so extensive that it fairly may be presumed to have caused confusion, not only in the affairs of the plaintiff, but in those of the entire community. In such a state

of things delay would naturally arise in relation to matters affecting insurance losses, and would make it impossible to render a statement forthwith in the sense of at once. Besides these considerations, there was testimony tending to show, amongst other things, that the plaintiff, by reason of impaired health, was unable to enter upon an examination of his affairs for upwards of three weeks; that he could not get at his books for a week; that he had to take an account of stock for three years, and it took two weeks to get at the footings; that it was customary to wait for the committee of adjusters to finish their work; and that after the proofs of loss were prepared they had to be or were printed, and he then swore to them and gave them to the broker through whom the insurance was effected, who testified that he gave them when ready to Pitman and Breed, the defendant's local agents.

Whether the statement was " forthwith rendered " depended on whether, taking all of these circumstances and considerations into account, the plaintiff used due and reasonable diligence. If he did, then it was "forthwith rendered," within the fair meaning of the policy; and whether he did or did not was a question of fact for the jury. *Carpenter* v. *German American Ins. Co.* 135 N. Y. 298, 302. *Home Ins. Co.* v. *Davis,* 98 Penn. St. 280. *Edwards* v. *Baltimore Ins. Co.* 3 Gill, (Md.) 176. *Donahue* v. *Windsor County Ins. Co.* 56 Vt. 374. We think that there was testimony which justified the jury in finding, as they must have found, that the statement was "forthwith rendered."

Certain evidence was admitted, subject to the defendant's exception, on the question of the plaintiff's diligence in rendering the statement. Subsequently the defendant, reserving its rights only as to certain rulings which it had requested and which the court had refused, agreed that, if the first proof of loss was delivered to Breed with a promise on his part that he would forward it, the jury might find for the plaintiff. Since the jury returned a verdict for the plaintiff, they must have found that the first proof of loss was delivered to Breed with a promise by him to forward it; and we think that the effect of this agreement and of the finding was to render immaterial the exceptions which had been taken regarding the admissibility of the evidence. It would seem as though counsel for the defendant did

not care to argue that, under the circumstances, due diligence had not been used by the plaintiff in rendering the statement, if one was rendered the last of January, but preferred to rest on the contention that the first proof was not delivered to Breed at all.

The remaining question is whether the delivery of the statement or proof of loss in the latter part of January, 1890, to Pitman and Breed constituted a delivery to the company. Under the instructions, it is possible that, notwithstanding the testimony of Walton,[*] the jury may have found that the proof was not only received by Breed, but was forwarded by him to the company and actually received by it. But the request of the defendant asked for a ruling that delivery of the proof of loss to the local agents which was not forwarded to the defendant was not a delivery to the defendant of the statement in writing required by the policy, unless the plaintiff showed that the local agents were authorized by the company to receive the proof. This was refused by the court, and the jury were permitted to find that a delivery to the local agents would constitute a delivery to the company; and it thus becomes necessary to consider the ruling requested by the defendant.

The commission issued to Pitman and Breed by the defendant gave them " full power to receive proposals for insurance against loss or damage by fire in Lynn and vicinity, to receive moneys and countersign, issue, renew, and consent to the transfer of policies . . . subject to the rules and regulations of said company, and to such instructions as may from time to time be given by its officers." The policy contained no notice of this limitation of authority on the part of Pitman and Breed, and this case is thus distinguishable from many of those relied on by the defendant, some in stock companies, and some in mutual, where the policy on its face gave notice of the scope of the agent's authority. The only reference in this policy to the matter of agency is in the last line, where it is provided that

---

[*] Walton, who was an adjuster in the employ of the defendant, testified that he learned that there was a policy of insurance upon the plaintiff's property, but no notice was given to him of a loss under the policy; and that no statement in writing in relation to the loss was received by the defendant until June, 1890.

"this policy shall not be valid until countersigned by the duly authorized agent of the company at Lynn, Mass.," which, so far as it signifies anything, implies that the agent at Lynn is a general agent. At any rate, it does not notify the policy holder that he is an agent with limited powers. Neither does the policy contain any provision as to the manner in which the proofs of loss shall be delivered to the company. If, therefore, the local agents had apparent authority by custom, or otherwise, to receive the proofs of loss, we think that a delivery to them would constitute a delivery to the company, even if they had not authority from the nature of their agency to receive them, or if also, in the absence of custom, a delivery to them under the circumstances would not have been a reasonable mode of sending the proofs of loss to the company, neither of which do we pass upon. See *Bishop* v. *Eaton*, 161 Mass. 496, 500 ; *Wheeler* v. *Watertown Ins. Co.* 131 Mass. 1 ; *Eastern Railroad* v. *Relief Ins. Co.* 105 Mass. 570 ; *Markey* v. *Mutual Benefit Ins. Co.* 103 Mass. 78, 92 ; *Fogg* v. *Griffin*, 2 Allen, 1 ; *Gloucester Manuf. Co.* v. *Howard Ins. Co.* 5 Gray, 497 ; *Arff* v. *Star Ins. Co.* 125 N. Y. 57.

The instruction requested omitted any reference to this element of the case, but rested on the proposition that a delivery to the local agents was not effectual unless they were actually authorized by the company to receive proofs of loss. There was testimony tending to show that it was the universal custom amongst insurance companies for local agents to prepare proofs of loss and send them to the company when it was not done by the adjusters, which was the case here. Apparent authority on the part of the local agents to receive proofs of loss would be implied from such a custom. A considerable portion of the instructions as reported seem to have been directed to the consideration of the meaning of "forthwith," and to the question whether the proof was delivered to Breed. But we think that it sufficiently appears from the charge, and from the colloquy between the court and the counsel for the defendant, that the effect of custom upon the matter of delivery was called to the attention of the jury. No exception was saved to this portion of the charge for insufficiency or otherwise, counsel for the defendant apparently being con-

tent to rest upon the refusal of the court to give the request in the precise form in which it was made.

A majority of the court think that the exceptions should be overruled, and it is so ordered.          *Exceptions overruled.*