CHARLES M. MANDELL *vs.* FIDELITY AND CASUALTY
COMPANY.

Suffolk.    November 18, 1897. — January 8, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Employers' Liability Insurance — Construction of Policy — "Immediate Notice"*
*— Principal and Agent — Instructions — Trial — Evidence — Verdict.*

Under a policy of insurance against the liability of the assured for injuries result-
ing from accidents, requiring the assured, " upon the occurrence of an accident,
and also upon receiving information of a claim on account of an accident," to
"give immediate notice in writing of such accident or claim," the duty of the
assured to give notice of the occurrence of an accident does not arise until he
has knowledge thereof, and he is not chargeable with knowledge of the accident
because his servants have such knowledge; and, under the circumstances of this
case, which was an action on the policy, the jury might find that the plaintiff
had complied with the requirement that he should give " immediate notice."

Evidence of the mailing of a letter containing a notice of the receipt of the letter
by the insurer's agents, and of its subsequent possession by the insurer, is com-
petent upon the question whether notice was given, and justifies a finding that
notice was given; and the presiding judge may require the jury to find specially
whether notice was received, and, if so, when.

If the defendant insurance company actually received a notice sent to it by mail
by the plaintiff, it is immaterial that the notice came to the defendant through
its examiner.

In an action upon a policy of insurance against the liability of the assured for
injuries resulting from accidents caused by the horses and vehicles used in his
business of transporting merchandise in a city, a request for an instruction that
it was not the duty of the police officer, who after the accident arrested for
drunkenness the driver who ran over the person injured, to arrest him for run-
ning into that person, is rightly refused.

In an action upon a policy of insurance, providing that the insurer will defend
at its cost any legal proceedings against the assured to enforce claims for in-
juries, evidence of the expenses of defending the action brought by the person
injured, and which the defendant was notified, but refused, to defend, is com-
petent, and an allowance for such expenses is rightly included in the verdict.

CONTRACT, upon a policy of insurance issued by the defend-
ant against the liability of the plaintiff for injuries resulting
from accidents caused by the horses and vehicles used in his
business of transporting merchandise in Boston.   At the trial
in the Superior Court, before *Lilley*, J., the jury returned a
verdict for the plaintiff; and the defendant alleged exceptions.
The facts appear in the opinion.

*J. M. B. Churchill*, for the defendant.

*S. L. Whipple & W. R. Sears*, for the plaintiff, were not called upon.

BARKER, J.   The accident happened on October 22, 1895. On November 5 the plaintiff received a letter stating that a claim against him had been placed in the writer's hands, and on the next day called upon the writer to ascertain what the claim was, but did not find him, and it was not until a few days later that he first learned that a man had been run over by one of his drivers.   He thereupon ascertained the circumstances, and on November 9, 1895, stated them in a letter of that date, which was received by the defendant's agents on November 11.   This letter notified the defendant of the accident, and of the claim on account of it.

The policy required him " upon the occurrence of an accident, and also upon receiving information of a claim on account of an accident," to " give immediate notice in writing of such accident or claim."   The defence is that what the plaintiff did was not a compliance with these requirements, and the exceptions are to the admission of the evidence which tended to prove the circumstances above recited, and to the instructions which allowed the jury to find that the plaintiff's conduct was a compliance with his agreement to give immediate notice of the accident and the claim.

The defendant's construction of the policy is that the notice of the accident must be given at once after it has occurred, and that it is immaterial whether the plaintiff knew of the accident at the time, or was first informed of it thereafter.   The defendant further contends that the plaintiff is chargeable with such knowledge of the accident as any of his servants had, and also that there should have been two separate notices, one of the accident and the other of the claim.   The defendant's home office was in New York, and its agents, who had countersigned the policy, had an office at No. 70 Water Street, Boston.   The letter which the plaintiff sent on the 9th of November was directed to the company at No. 7 Water Street, Boston, and the defendant contends that, as it was addressed neither to the company at its office in New York nor to its agents in Boston, it could not be found to be a compliance with the requirement of

the policy. The defendant also contends that, as the date of the accident was not shown at the trial, it could not be found that any notice was immediate.

These contentions are technical, and in our opinion unsound. The policy was written in view of the way in which the plaintiff's business was carried on, and is to have a reasonable construction, as a contract by which, for an adequate consideration, the defendant stipulated to give a real indemnity against the plaintiff's liability for injuries resulting from accidents caused by the horses and vehicles used in his business of transporting merchandise in the city streets. His stables were in South Boston, where his teams were kept, and his own stand was in the city proper. He visited the stable at some time daily, but had a foreman who started the teams in the morning, and looked after the stand when the plaintiff was not there. The plaintiff directed where the teams were to go, and what they were to do, and had the oversight of his own business.

1. The construction of the policy adopted at the trial was, that to comply with its requirements the plaintiff was bound to exercise ordinary diligence and care in adopting such measures as would lead to knowledge upon his part of the occurrence of accidents, and of claims for damages, by proper instructions to his employees, and otherwise, and that he must give immediate notice, upon his earliest receipt of knowledge of an accident, or of information that a claim for damages was made, and that, if he did not know of the accident when it happened, he would not be required to give notice of its occurrence until immediately after he received information of it. This is a reasonable construction, having regard to the situation of the parties and the nature of the contract. It was extremely unlikely that the plaintiff would have personal knowledge of accidents caused by teams which were not under his personal care, but were driven by his servants through the streets of a city. The notice was not required to be given by the driver whose team might cause an accident, but by the plaintiff himself. It would therefore be impossible for notice to be given by the plaintiff until he had himself acquired information, and the requirement must be so construed that an effectual notice could be given in every instance.

The question is not the same as that presented in *Swain* v. *Security Live Stock Ins. Co.* 165 Mass. 321, cited for the defendant. There the agreement in the policy was, that if the horse should become sick the insured should notify the company within fifteen hours, and that the company might send one of its veterinarians to treat the case; and notice was essential to enable the company to exercise this right, and thereby perhaps prevent the happening of any loss. Here the plaintiff's liability to make compensation, which was the thing insured against, was fixed by the accident itself; and the purpose of notice was to enable the defendant to resist false or exorbitant claims. And in *Swain* v. *Security Live Stock Ins. Co.*, while a failure to give notice within the required time was held fatal to the action, the court did not determine or consider whether the time would begin to run before knowledge of the sickness on the part of the plaintiffs or their agent, who had the sole charge of the horse, and kept it at a race track in another place than that where the plaintiffs resided.

We are of opinion that, by the fair construction of the policy, the plaintiff's duty to give notice of the occurrence of the accident now in question did not arise until he had knowledge of the accident, and that the instruction to that effect was correct. See *Trippe* v. *Provident Fund Society*, 140 N. Y. 23; *McFarland* v. *United States Mutual Accident Association*, 124 Mo. 204; *Manufacturers' Accident Indemnity Co.* v. *Fletcher*, 5 Ohio C. C. 633; *Kentzler* v. *American Mutual Accident Association*, 88 Wis. 589; *American Accident Ins. Co.* v. *Norment*, 91 Tenn. 1; *McNally* v. *Phœnix Ins. Co.* 137 N. Y. 389; May, Ins. § 216.

2. The plaintiff was not chargeable with knowledge of the accident because his servants had such knowledge. Neither his drivers, stablemen, nor foreman were his agents for the purpose of giving notice to the company. They were concerned only with the transportation of merchandise and its incidents, and none of them were authorized or were expected by either party to the policy to do anything as his representatives with the defendant. There was no general agency conferred upon any of his employees. The plaintiff and defendant under such circumstances must be deemed to have intended that the notices would be given upon the knowledge or information of the plaintiff himself.

Mass.]    MANDELL *v.* FIDELITY & CASUALTY CO.    177

3. We are of opinion that, if the jury should find that the first intimation which the plaintiff had that there was any claim against him was the letter which he received on the 5th of November, and which did not inform him of the nature of the claim, and that by an investigation begun the next day he ascertained the circumstances of the accident and the nature of the claim, and sent on the 9th of the same month the letter which was received on the 11th, they might also find that the plaintiff had complied with the requirement that he should give immediate notice. There is nothing in the contention that the same letter could not serve both as a notice of the accident and of the claim. The requirement to give immediate notice is to have a reasonable construction, having regard to the circumstances of the particular case. It forbids intentional and needless delay, but it does not bind the person who is to give notice to act upon the instant, nor without taking reasonable time to procure such information as the requirement is intended to furnish to the party to be notified. The time which intervened between the first intimation which the plaintiff received and the sending of the notice was not so great but that the jury might be allowed to find that, taking into account the circumstances, he used due and reasonable diligence, and so that he gave immediate notice within the meaning of the policy. See *Harnden* v. *Milwaukee Mechanics' Ins. Co.* 164 Mass. 382, 384, and cases cited ; *Baker* v. *Commercial Union Assurance Co.* 162 Mass. 358. Although the precise date of the accident did not appear at the trial, there was evidence from which it could have been at least approximately found, and the fact that the date did not appear was not conclusive upon the question whether immediate notice was given.

4. The requirement did not stipulate how the notice should be sent to the company at its office in New York, or to its agents who countersigned the policy, and who were in Boston. The mailing by the plaintiff of the letter of November 9 was an act in pursuance of the requirement, and evidence of it was competent under the issue whether notice was given.

The other evidence, admitted under exception, and tending to show the receipt of the letter by the agents in Boston, and also to show that it was shortly after its date in the possession

VOL. 170.                    12

of the company in New York, was also competent, and justified a finding that notice was given. It was within the proper province of the presiding justice to require the jury to find specially whether the notice was received, and, if so, when.

5. The instruction with reference to Moore, the defendant's examiner, was not to the effect that a notice to him would be sufficient, as the defendant now assumes, but was in substance that, if the defendant received the plaintiff's notice through Moore, it would be sufficient. The evidence as to whom the plaintiff's letter was directed or addressed was conflicting, and Moore having testified that he himself sent it to the defendant at New York, and there being also evidence that it was returned to him stamped as having been received by the casualty claim department of the company on November 11, the instruction was correct. It did not avoid the effect of the plaintiff's act in sending the notice, that Moore intervened to aid it to reach its proper destination.

6. The defendant also requested an instruction that it was not the duty of the police officer, who after the accident arrested for drunkenness the driver who ran over the person injured, to arrest him for running into that person. The instruction was not given, and rightly, because it was immaterial to the questions upon trial.

7. Evidence of the expenses of defending the suit brought by the person injured, and which the defendant was notified to defend, was competent, and the jury rightly included in the verdict an allowance for such expenses. The contract was for indemnity, and it was the duty and the right of the plaintiff to take all reasonable means to reduce the recovery to a just sum, if the defendant, as it did, neglected or refused to defend the suit, although by the policy it had agreed that it would defend at its cost any legal proceedings against the assured to enforce claims for injuries. See *Richmond* v. *Ames*, 164 Mass. 467, 475, and cases cited.

8. It is unnecessary to consider the exception to the refusal of the request that, upon the whole evidence, the plaintiff was not entitled to recover, that request having been founded only on the grounds already discussed.

*Exceptions overruled.*