## JAMES B. CLOW & SONS v. A. W. SCOTT COMPANY AND ANOTHER.[1]

April 17, 1925.

No. 24,437.

**When verified account of subcontractor against general contractor is sufficient notice of claim to surety.**

1. An itemized and verified statement of the account of a subcontractor against the general contractor, indicating the job out of which the charges arose and stating the date of the last item, is sufficient notice to the surety of a claim against the general contractor, under section 9705, G. S. 1923.

**Such notice binding on surety.**

2. The verdict establishes that the agent of the surety served with such notice had apparent authority to receive it. Under the circumstances, the apparent authority so established is sufficient to make the notice binding upon the surety.

*Headnote 1. See Municipal Corporations, 28 Cyc. p. 41 (1926 Anno).
Headnote 2. See Municipal Corporations, 28 Cyc. p. 41 (1926 Anno).

Action in the district court for Ramsey county on a contractor's bond. The case was tried before John B. Sanborn, J., who ordered judgment in favor of plaintiff. Plaintiff appealed from the judgment entered on an order granting defendant Royal Indemnity Company's motion for judgment notwithstanding the verdict. Reversed.

*Mitchell, Doherty, Rumble, Bunn & Butler*, for appellant.
*James C. Melville*, for respondent.

[1]Reported in 203 N. W. 410.

STONE, J.

Action on the bond of a public contractor, defendant A. W. Scott Company, which admitted its own liability. After verdict against it, the surety, defendant Royal Indemnity Company moved for judgment notwithstanding or a new trial. The motion was granted and plaintiff appeals.

The plaintiff is a dealer in plumbing supplies with an established claim against defendant Scott Company, arising out of the latter's contract for the plumbing in a public building, the Jordan School in Minneapolis. The sole defense of the indemnity company as surety is that it was not served with notice of plaintiff's claim within 90 days after the completion of the contract, such notice, under section 9705, G. S. 1923, being a condition to recovery by plaintiff.

The Scott Company is insolvent. At the time of its failure it was the plumbing contractor on four public jobs in Minneapolis, the School of Mines at the University and the Lincoln, Bryant and Jordan Schools. The Royal Indemnity Company was surety for all of these contracts except that on the Lincoln School. It will be referred to as the surety.

The Jordan School had been accepted prior to the failure, but the contractor subsequently did additional work on it. The Bryant and School of Mines jobs were unfinished and were completed by the surety under its bond. Plaintiff furnished the plumbing supplies for the three buildings and under the Bryant and School of Mines contracts has been paid, through Mr. Melville, by the surety, for all plumbing materials necessary to complete the work and furnished by it for that purpose  There is no disagreement so far and, whatever his actual authority, Mr. Melville directed the contractors, including plaintiff, to proceed, verified their bills and made good his assurance that they would be paid. As to the Jordan job, Mr. Melville's authority to act for the surety, particularly to the extent of receiving notice of plaintiff's claim, is denied. Thereby is raised the controlling issue.

A preliminary question challenges the sufficiency of the notice of plaintiff's claim. As to form, it is open to criticism, for it is simply a statement of the account of plaintiff against the contractor

so far as it concerns the "Jordan High School." Appended is a sworn verification to the effect that the statement is "just, correct, and true and that no part thereof has been paid." We agree with the trial court that this statement "contains the information required by statute" and in substance meets its requirement of "written notice specifying the nature and amount" of plaintiff's claim and giving the date of the last item.

It was considered at the trial that the evidence made it a question for the jury whether Mr. Melville had "apparent" authority to represent the surety to the extent that service of the notice upon him was sufficient. His authority is not denied as to the Bryant and School of Mines contract. Relative to them he dealt with the Scott Company and plaintiff with no suggestion, by word or act, that his authority was so limited that any communication intended for the surety, by way of notice or otherwise, would not be sufficient if put in the hands of Mr. Melville. The surety would be in no position seriously to question its binding effect if the notice now in issue concerned either the Bryant or School of Mines contract. The Jordan job was so far in the same situation that the verdict, finding that Mr. Melville had the necessary "apparent" authority, should not be disturbed.

Mr. Melville's letters of instructions, creating and defining his primary authority were not produced by the surety. Therefore, it cannot complain if decision be put upon the manner in which it permitted Mr. Melville to represent it. It is of course the rule that "neither the declarations of a man, nor his acts, can be given in evidence to prove that he is the agent of another." Sencerbox v. McGrade, 6 Minn. 334 (484). But what one permits another to do may be evidence of the latter's authority to act for the former. Moreover, in this case Mr. Melville and his stenographer were the only witnesses for the surety in its effort to show an absence of authority in him concerning the Jordan contract. His testimony is such as to make his acts in the premises clearly relevant—for example, as late as May 19, 1923 (long after service upon him of plaintiff's notice), he was corresponding with both plaintiff and the Scott Company relative to the former's bill against the Jordan School. On that date he wrote plaintiff as follows:

"Replying to your favor of May 17th, Scott advises me that the correct amount due on the Jordan School is $2,716.10, and that your item of $3,268.90 did not include a number of credits. Will you kindly check this over and oblige."

Yet, at that time, if no notice had been served on it, neither the surety nor Mr. Melville had any concern with the Jordan contract and plaintiff's claim under it.

In view of these circumstances, we consider it a question of fact whether Mr. Melville had such implied and therefore actual authority as would make service of notice upon him notice to his principal, the surety. An affirmative answer is justified under the rule that ordinarily an "agent's powers are prima facie co-extensive with the business intrusted to his care and will not be narrowed by limitation not communicated to those with whom he deals." Koivisto v. Bankers & M. F. Ins. Co. 148 Minn. 255, 181 N. W. 580.

But the jury was limited to a finding of "apparent" authority in Mr. Melville and their verdict was set aside and judgment ordered non obstante because the learned trial judge was of the opinion, expressed in a characteristically searching memorandum, that plaintiff's notice of claim was ineffectual because served neither upon the commissioner of insurance (as permitted by statute), nor an agent "actually appointed and representing" it. Decision was put upon the principle of the cases dealing with service of process upon agents of foreign corporations, particularly Mikolas v. Hiram Walker & Sons, 73 Minn. 305, 76 N. W. 36; Baldinger v. Rockford Ins. Co. 80 Minn. 147, 82 N. W. 1083; Wold v. J. B. Colt Co. 102 Minn. 386, 114 N. W. 243, and Nienhauser v. Robertson Paper Co. 146 Minn. 244, 178 N. W. 504. Because, as so clearly stated in the Mikolas case, the purpose is to secure jurisdiction of the person and hence there must be due process of law, service of process upon a corporation must be upon an agent "having in fact a representative capacity and derivative authority, * * * and not one created by construction or implication, contrary to the intention of the parties." Attending and conditioning the service of a summons are the rules of due process of law. They have nothing to do with mere notice to one that another has against him a claim which may or

may not be sued upon. The notice is not process and its service does not confer jurisdiction. The one now involved is a creation of statute and its purpose is not to establish any legal hold upon the person of the surety but solely to reach its knowledge or that of someone acting for it in the business in hand. Why, therefore, should the case not go to decision under the ordinary rules governing proof of agency? Why should not the question be only whether the receipt of notice of plaintiff's claim was within the authority of Mr. Melville and why, more than in the ordinary case permitting circumstantial proof of agency, should we discard either apparent or implied authority and search for only that which is expressed?

Under the circumstances, we hold the "apparent" authority established by the verdict sufficient to make binding upon the surety the notice served upon Mr. Melville. Although "apparent authority is not actual authority," we consider this another case wherein "it is not important whether we call his authority apparent or implied." Koivisto v. Bankers & M. F. Ins. Co. supra.

Curiously enough there seem to be no decisions in this state or elsewhere determining how much or what kind of authority an agent must have in order to make effectual, as against his principal, service of notice of the kind now in question. At least counsel for plaintiff so assure us and the statement is not questioned by the brief for respondent. For plaintiff, an analogy is drawn, properly we think, with the problem presented in several cases holding that notice or proofs of loss under an insurance contract was properly served upon a local agent. That was assumed rather than decided in M. St. P. & S. S. M. Ry. Co. v. Home Ins. Co. 64 Minn. 61, 69, 66 N. W. 132, the case being one where the persons served were "something more than mere local agents" and "accustomed to receive proofs of loss with the approval" of the insurance company. In Harnden v. Milwaukee M. Ins. Co. 164 Mass. 382, 386, 41 N. E. 658, 49 Am. St. 467, the court said: "If, therefore, the local agents had apparent authority by custom, or otherwise, to receive the proofs of loss, we think that a delivery to them would constitute a delivery to the company." In Ralli v. White, 21 Misc. 285, 288, 47 N. Y. Supp. 197, a service of proofs of loss which was made

upon agents "openly allowed to hold themselves out as legally representing it" was held good. To the same effect are Walker v. Lancashire Ins. Co. 188 Mass. 560, 75 N. E. 66, and Georgia Life Ins. Co. v. Otter Creek Coal Co. 67 Ind. App. 277, 119 N. E. 151.

Order reversed and the case remanded for the entry of judgment on the verdict.