## ILG ELECTRIC VENTILATING COMPANY v. CHARLES CONNER AND OTHERS.[1]

October 21, 1927.

No. 26,260.

**Written notice to surety on public contractor's bond held compliance with statute.**

1. In a suit upon a public contractor's bond for material furnished in the erection of a public school building the notice prescribed by G. S. 1923, § 9705, is sufficient though not specifying the date on which the last item of the material was furnished. It complied in substance with the material requirements of the statute.

**Notice was properly served.**

2. The evidence shows a proper service of the notice on the bonding company.

[1]Reported in 215 N. W. 675.

Schools and School Districts, 35 Cyc. p. 961 n. 76 New; p. 962 n. 87 New.

Statutes, 36 Cyc. p. 1116 n. 5; p. 1127 n. 48; p. 1174 n. 78.

Action in the municipal court of Minneapolis on a surety bond. There were findings for defendant Republic Casualty Company, and plaintiff appealed from an order, C. L. Smith, J., denying its motion for a new trial. Reversed with directions.

*James C. Melville,* for appellant.

*Ernest E. Watson* and *C. E. Warner,* for respondent Republic Casualty Company.

HOLT, J.

Suit upon a public contractor's bond for materials, ventilating fans, furnished by plaintiff to the contractors in the erection by them of the Michael Dowling School in Minneapolis. The court found that plaintiff failed to serve the notice required by law in order to maintain the action and directed judgment in favor of the bonding company. The appeal is from the order denying a new trial.

[1] The only question presented is whether a sufficient notice was served on the company. The testimony was that the same sort of notice was served in the same manner on the contractors.

Section 9705, G. S. 1923, reads:

"No action shall be maintained on any such bond unless within ninety days after the completion of the contract and acceptance of the building by the proper public authorities, the plaintiff shall serve upon the principal and his sureties a written notice specifying the nature and amount of his claim and the date of furnishing the last item thereof, nor unless the action is begun within one year after the service of such notice."

The notice on which plaintiff relies is a letter, mailed to the addressee therein on the date it is written, which reads:

"Minneapolis, Minn. November 26, 1924.

"Republic Casualty Co.,

"H. D. Brugger Co. Inc., Agents.

"818 2nd Ave. So., Minneapolis, Minn.

"Gentlemen:

"This is to advise that Conner Brothers have not settled their account with us amounting to $680.80 and we, therefore, will now look to you for same because of the fact that Conner has been paid up in full by the Minneapolis School Board. The job in question is the Michael Dowling School and material for which he owes us this money was for ventilating fans.

"Will you kindly advise us when we may expect payment on this and greatly oblige?

"Very truly yours,

"Ilg Electric Ventilating Co.,

"By H. S. Nesbitt."

It is to be noted that the above quoted section is part of a remedial statute to be liberally construed and only a substantial compliance exacted as a condition precedent to the maintenance of an action on the bond. It could not have been intended that the one who is forced to resort to the bond must first employ an attorney to draw and serve this notice so that no technical fault may be found therewith or else the remedy is not available. The only basis for a plausible claim that the notice does not comply with the statute quoted is that it does not specify the date on which the last item was furnished. This omission occurs to us not to be a substantial defect, considering that as the statute now reads the date mentioned has no bearing upon the rights of the parties. The date determinative of rights and which sets the time running is the date of acceptance of the building for which the materials were furnished. The law in respect to this notice, R. L. 1905, § 4539, read:

"No action shall be maintained on any such bond unless within ninety days after performing the last item of work, or furnishing the last item of skill, tools, machinery, or material, the plaintiff

shall serve upon the principal and his sureties a written notice specifying the nature and amount of his claim and the date of furnishing the last item thereof, nor unless the action is begun within one year after the cause of action accrues."

Chapter 413, p. 501, L. 1909, amended this section so as to read as first quoted. It seems to us obvious that the words "and the date of furnishing the last item thereof" were inadvertently retained from the superseded statute, for they are meaningless in the present statute. There is authority for eliminating words without meaning or which tend to render a statute absurd. State ex rel. Patterson v. Bates, 96 Minn. 110, 104 N. W. 709, 113 A. S. R. 612; Paxton & Hershey I. C. & L. Co. v. Farmers & Merchants I. & L. Co. 45 Neb. 884, 64 N. W. 343, 29 L. R. A. 853, 50 A. S. R. 585; Leavitt v. Lovering, 64 N. H. 607, 15 A. 414, 1 L. R. A. 58.

[2] We think the evidence is also conclusive that the notice was properly served; that is, the notice reached the bonding company in time. The building was accepted by the proper public authority September 28, 1924. The notice was mailed at Minneapolis to the agent of the company there on November 26, 1924. It was produced at the trial by the attorney for the company. The law does not specify how the notice should be served. It is enough that it reached the company in time. But it is insisted that H. D. Brugger Company, the addressee in the notice, was not the agent of the company so that service on him was not sufficient. The bond in suit shows the respondent is a corporation of Pittsburgh, Pennsylvania, and that it was signed thus: "Republic Casualty Company, By H. D. Brugger, Attorney in fact, Attest: Chas. B. Coleman, Attorney in fact." The testimony was undisputed that H. D. Brugger, doing business under the name of H. D. Brugger Company, was the agent of respondent actively transacting its business in Minneapolis and had so done for a considerable time. Under the decision of James B. Clow & Sons v. A. W. Scott Co. 162 Minn. 501, 203 N. W. 410, there was proper service of the notice.

The order is reversed and the case remanded with directions to the court below to modify the findings of fact and the conclusion of law as asked by plaintiff in its motion.