## STANDARD OIL COMPANY v. S. G. ENEBAK AND ANOTHER.[1]

December 21, 1928.

No. 27,101.

*O'Brien, Horn & Stringer,* for appellant.
*Abbott, MacPherran, Dancer, Gilbert & Doan,* for respondent.

HOLT, J.

Plaintiff appeals from a judgment in favor of the defendant the Maryland Casualty Company.

Respondent was the surety of S. G. Enebak in a statutory bond required in the letting to him by the county of Polk, Minnesota, of a contract for the construction of Job No. 2603, State Aid Road No. 1, in said county. In such construction plaintiff furnished Enebak gasolene, lubricating oil, and greases to the amount of $1,432.64, of which $914.02 remains unpaid. Had respondent been served with the written notice prescribed by G. S. 1923, § 9705, there could be no question but that plaintiff should have had judgment.

[1]Reported in 222 N. W. 573.

114

The court held the notice served insufficient as to contents and found that there was no waiver. The appeal questions these conclusions. The construction job was finished and accepted by the county board October 18, 1927. The time for serving the written notice of claim did not expire sooner than the middle of January, 1928. The notice upon which plaintiff relies is a registered letter sent to the agent of defendant in charge of its business in this state on December 5, 1927, reading:

"As bondsmen for S. G. Enebak, contractor on project No. 2603, Polk County, we are herewith filing statement of our account with the above contractor amounting to $959.67, representing deliveries made to the project referred to. Mr. Enebak has received all estimates with the exception of about $600.00, the last large payment being made to him on November 5th of about $500.00, yet we have received no money on our account since August 16th and are not satisfied at all with the manner in which Mr. Enebak is handling the account. Please acknowledge receipt of this letter, advising us what you can do toward arranging for settlement of the account, so that it will not be necessary for us to revert to legal action."

The statement of account inclosed was a copy of a ledger page of figures adding nothing of value to the information conveyed by the letter, except that the account was for sales by the Standard Oil Company to Enebak. Respondent acknowledged receipt of the letter on December 8, 1927, stating that plaintiff's claim had been referred to its local attorneys and adjusters, "and no doubt you will hear from them promptly." On December 28, 1927, the attorneys wrote plaintiff: "We are expecting to go up to Warren the first of next week to work out some plan for the disposition and payment of these claims, and will then advise you further in this matter." It appears that one of the attorneys did go to Warren to investigate plaintiff's claim, that he assumed that whatever account plaintiff had against Enebak was for oils, greases and lubricating oils, but that he did not get at that time or since any definite information as to the exact nature of the account. Neither

respondent nor its attorneys ever communicated with plaintiff since the letter of December 28, 1927.

We held in Ilg Elec. Ventilating Co. v. Conner, 172 Minn. 424, 215 N. W. 675, that the failure of the notice to state the date of furnishing the last item was immaterial. The notice states the amount of the claim, and the only other material matter required by the statute (§ 9705) is that the notice specify "the nature of the claim." The notice did state that the claim was for "deliveries made to the project referred to." The project specified in the bond and in the notice was "No. 2603, Polk County, S. G. Enebak contractor." It was admitted that defendant and its attorneys assumed that the account was for "oils, greases and lubricating oils." Indeed plaintiff's name is indicative of the deliveries it makes to road projects.

It was not expected that such a notice of claim as provided by this statute should be framed by a lawyer. It should be sufficient if it give substantially the information prescribed, so that the contractor and surety may readily investigate and ascertain its validity. The notice here given, though somewhat informal, substantially embodied the material requirements of the statute, unless it be in specifying the "nature of the claim." By stating that the claim or account was for deliveries made by plaintiff to the project, we think even the "nature of the claim" is sufficiently specified. James B. Clow & Sons v. A. W. Scott Co. 162 Minn. 501, 203 N. W. 410; Benson v. Barrett, 171 Minn. 305, 214 N. W. 47. In the case last cited it was said of a notice, scarcely more specific than the one here involved:

"The notice was sufficient to inform appellant of the default on the part of the principal in the bond, which is the only purpose of the requirement of such notice."

This statute should not receive a stricter construction than the statute prescribing the contents of a mechanic's lien statement. In 4 Dunnell, Minn. Dig. (2 ed.) §§ 6074-6087, are many cases cited which go far to sustain this notice as a substantial compliance with G. S. 1923, § 9705.

But even should the conclusion just expressed be regarded as doubtful, we think the defect, if any, in the notice was waived by respondent. A purported written notice was given in time. Respondent conducted itself in respect thereto so as to lead plaintiff to rest in the belief that respondent deemed it adequate and sufficient. Without any intimation of any defect in the specification of the nature of the claim, respondent acknowledged receipt of the notice, retained it, and promised to have its attorneys and adjusters investigate and advise plaintiff promptly. And while there still was time to serve a proper notice, if the one served was deemed inadequate or deficient, the attorneys of respondent wrote plaintiff that within a week they expected to go to Warren and work out some plan for payment and advise plaintiff further in the matter of its claim. The trip to Warren was made as promised, but there was a failure thereafter to communicate with plaintiff. In the meantime the time for serving another notice passed. Respondent acted upon the notice given without demurring to its sufficiency and did investigate the claim. It thereby waived whatever shortcoming there was in the notice, provided there could be a waiver. The general rule is that: "Except as limited by public policy, a person may waive any legal right, constitutional or statutory." 6 Dunnell, Minn. Dig. (2 ed.) § 10135. We are not confronted with the question whether a written notice of this sort could be waived, or the time waived, but simply whether a defect in the one timely served could be waived. And we are of opinion that it can be and clearly was. It is true that § 9705 pertains to the remedy, and therefore it may be modified by legislation without thereby impairing the obligations of contracts to which the remedy may apply. Architectural Decorating Co. v. National Surety Co. 115 Minn. 382, 132 N. W. 289, affirmed in 226 U. S. 276, 33 S. Ct. 17, 57 L. ed. 221; Standard S. & C. Co. v. National Surety Co. 134 Minn. 121, 158 N. W. 802; Hagstrom v. American Fid. Co. 137 Minn. 391, 163 N. W. 670. We are unable to discover any good reason why a defect in a notice required to be given as a condition precedent to suit under a contract may be waived and a similar defect in a

notice required to be given as a condition precedent under a statutory remedy cannot be. Where a notice is prescribed as a means to enforce a certain public policy, it may not be waived. An example of such notice is found in the bill of lading of interstate commerce. Carbic Mfg. Co. v. Western Exp. Co. 149 Minn. 467, 184 N. W. 35. We see no objection on the ground of public policy to a surety's waiving defects in notices served under G. S. 1923, § 9705.

The judgment is reversed and the cause remanded with directions to modify the findings of fact and conclusions of law to conform herewith.

STONE, J. took no part.