## AMERICAN SURETY CO. OF NEW YORK et al. v. GILMORE OIL CO.

### No. 1322.

Circuit Court of Appeals, Tenth Circuit.
April 9, 1936.

Francis C. Wilson, of Santa Fe, N. Mex. (John C. Watson and John T. Watson, both of Santa Fe, N. Mex., and Donald M. Bushnell, of Albuquerque, N. Mex., on the brief), for appellants.

Carl H. Gilbert, of Santa Fe, N. Mex. (M. W. Hamilton, of Santa Fe, N. Mex., on the brief), for appellee.

Before LEWIS and BRATTON, Circuit Judges, and KENNEDY, District Judge.

BRATTON, Circuit Judge.

This is an appeal from a judgment for plaintiff in an action to recover on a bond given to secure the performance of a contract for the construction of four public highways in New Mexico.

The state entered into a written contract with Mountain States Contracting Company by which the latter obligated itself to construct the four highways. The Mountain States Company as principal and American Surety Company and American Employers Insurance Company as sureties executed their bond payable to the

state, conditioned upon the performance and completion of the contract according to its terms and for the prompt payment of all just claims for labor performed and materials and supplies furnished for and upon the work required by the contract. John J. Emmons countersigned the bond as resident agent for both sureties. He was also president of the Mountain States Company, but he did not execute the bond on its behalf. Acting under a separate contract made with the Mountain States Company, plaintiff furnished labor and services in heating, hauling, and applying oil and cutback asphalt in the construction of such highways, the last being performed on January 15, 1933. After allowing an offset of $456.22, the net amount due and unpaid for that work was $7,205.12. Thirteen days after the last work was done, that is on January 28th, the attorneys for plaintiff in California wrote Emmons concerning the claim and enclosed with the letter two copies of a letter of the same date to the Mountain States Company; all of which reached him in due course of mail. The letter to Emmons is set forth in note [1] and the copy which was inclosed therewith is quoted in note.[2] On February 13th, there-

after, plaintiff filed with the state highway department an itemized, verified statement of its claim stating the respective dates on which services were performed and the amount due therefor; and a copy of such notice was sent to the Mountain States Company at the same time.

This action was seasonably instituted in the state court and removed in conventional manner to the United States court. The Mountain States Company defaulted and judgment was entered against it. Plaintiff and the surety companies waived a jury and the case was tried to the court. Omitting reference to findings not in controversy here, the court found that Emmons and Carl P. Nolan, doing business as Federal Bond & Mortgage Company, each acted as agent for the surety companies in the state of New Mexico; that they solicited, wrote, countersigned, executed, and delivered on behalf of such companies a large number of surety bonds and insurance policies; that they collected the premiums therefor and remitted the proceeds to the companies; that from time to time they investigated losses and made reports; that Emmons countersigned the bond in suit, collected the premium, and

[1] Mr. John J. Emmons, Gallup, New Mexico.

Dear Sir: We are informed that you are attorney in fact for the American Surety Company of New York and American Employers Insurance Company of Boston, Massachusetts, which Companies wrote the labor and material bond on the following improvements:

F.A.P. E-121-B Reo.
F.A.P. E-121-C.
F.A.P. E-146-A Reo.
F.A.P. 125-G.

There is a balance due our client, the Gilmore Oil Company, Ltd., of $7,661.34, on account of labor and services performed on these improvements.

We have just written the Mountain States Contracting Company regarding this obligation and are enclosing herewith two copies of this letter, which is self-explanatory.

Inasmuch as the above mentioned sureties are liable for this obligation as well as the contractor, we thought you would be interested in being advised of the status of the same.

Yours very truly,
Salisbury & Robinson
By (Signed) Gerald Knudson.

[2] Mountain States Contracting Company, Gallup, New Mexico.

Gentlemen: The Gilmore Oil Company, Ltd., has referred to us for attention its claim against you for labor and services performed on the following improvements:

F.A.P. E-121-B Reo.
F.A.P. E-121-C.
F.A.P. E-146-A Reo.
F.A.P. 125-G.

under contract dated August 22, 1932, on which there is a balance due of $7,661.34, together with your communications of January 11.

We are informed that in order for the Company to perfect its lien and claim for the money due, it will be necessary to file a claim within thirty days after the date of last delivery, without relation to the date of completion of the contract.

This time will expire very shortly and the Company has therefore requested us to advise you that this obligation must be liquidated before February 5, 1933; otherwise we have been instructed to take such proceedings as may be necessary to perfect their claim.

Will you kindly let us have your check in the above amount immediately.

Yours very truly,
Salisbury & Robinson
By

remitted for it; and that he was vested with actual and ostensible authority to be served in behalf of the companies with the notice of claim. Predicated upon such findings, the notice served upon him as agent for the sureties and that served upon the Mountain States Company and the highway department were sustained in substance and in manner of service; and judgment was rendered against the sureties for the amount due with interest.

■ It is contended that for lack of proper exceptions the questions argued for reversal of the judgment are not open to review. Preferring to do so, we pass that contention and come immediately to the merits. The sufficiency of the notice of claim is challenged. Section 17-201, N. M.Comp.1929, requires that a bond similar in terms to the one in suit be given when the state enters into a contract for the construction of a public highway. Section 17-202 authorizes any person having a just claim for labor performed or materials or supplies furnished upon such work to maintain an action on the bond. Section 17-204 provides:

"*Serving Notice of Claim.* No action shall be maintained on such bond unless within ninety days after performing the last item of labor or furnishing the last item of materials or supplies, the plaintiff shall serve upon the principal, sureties and obligee in said bond written notice specifying the nature and amount of the claim and the date of performing or furnishing the last item thereof, nor unless the action is begun within one year after the cause of action accrues."

Compliance with the statute is a condition precedent to the maintenance of an action on the bond, but it is a remedial provision and should be liberally construed. Substantial compliance with its requirement is sufficient. The Supreme Court of the state so held quite recently. Silver v. Fidelity & Deposit Co. of Maryland, 53 P.(2d) 459. That construction is binding here and we are in full accord with it. A notice in writing must be served upon the principal, the sureties, and the obligee. It must specify the nature of the claim, that is, whether it is for labor performed or materials or supplies furnished; it must state the amount due and the date on which the last labor was performed or the last materials were furnished, as the case may be; and it must be served within ninety days after that date. The verified notice in the form of an invoice filed with the highway department and mailed to the Mountain States Company disclosed that the claim was for labor. It stated the respective dates on which such labor was performed, the last being January 15th, and it stated the amount due. It supplied all the information required by the statute and clearly constituted substantial compliance with its provisions.

■ Turning to the letters mailed to Emmons, one makes reference to the other and under recognized principles of law they must be construed together in determining their sufficiency. Compare Doherty Research Co. v. Vickers Petroleum Co. (C. C.A.) 80 F.(2d) 809. They identified the contract and the bond given to secure its performance; they referred to the claim and lien of the plaintiff; they stated definitely that such claim is for labor and services—not materials or supplies; and the amount due was specified. The serious controversy is whether they specified the date on which the last labor was performed. It is stated that the claim must be filed within thirty days after the last delivery—manifestly meaning the last service in the heating, hauling, and spreading of oil and asphalt; that such time would expire very shortly; and that the obligation must be liquidated before February 5th, otherwise it would be necessary to perfect the claim. In sum and effect, it is said that thirty days since the last service was performed had not expired at that time, but would do so soon. It is equivalent to saying that the last work was done less than thirty days previous to that date; it is tantamount to a declaration that the last service was rendered after December 29, 1932. In other words, it appears from the letters, when fairly and reasonably read, that they were written less than ninety days after the last work had been done. They will not well bear any other rational construction. The fact that they address themselves to the time at which the last service was performed and disclose that it was less than thirty days prior to their date distinguishes this case in that vital respect from Silver v. Fidelity & Deposit Co., supra. It is further argued that instead of giving notice of a claim, the letters merely indicated a purpose to do so in the future if the amount due was not paid. As previously pointed out, they state the nature of the claim, the time at which the last work was done, the amount due, and that

plaintiff has a claim in that sum. That meets the mandate of the statute and constitutes substantial compliance with its provisions.

■ It is suggested that the statute contemplates identical notices to the principal, the sureties, and the obligee; that the invoice and the letters are substantially different and, therefore, recovery cannot be had. Identity in the notices is not exacted. There is nothing in the act which indicates that they must be alike. Substance —not identity, is the yardstick by which to measure compliance with its requirements.

■ The remaining question is whether Emmons was the agent of the surety companies to the extent of receiving the notice with binding effect. In January, 1932, American Surety Company filed with the Corporation Commission of the state a written statement in which it was certified that the character, ability, and record of past employment of Emmons and Nolan had been investigated; that they were qualified to conduct the business of insurance and were worthy of a certificate; that it had appointed them as its agents and requested that a certificate of authority issue to them to continue in force until the 1st of March, 193——. American Employers Insurance Company filed a like certificate on May 4, 1932. Neither instrument set forth any express limitation or restriction upon the scope of the agency. In addition, there was testimony that Emmons and Nolan acted as agents for both sureties; that they wrote surety bonds, fidelity bonds, and different forms of insurance on behalf of both; that at times Emmons countersigned bonds written by other agents; that their commission was in amount that of a general agent, which was larger than that of ordinary solicitors or local agents; that they collected premiums and remitted for them; that they received the premium on the bond in suit and remitted for it; that Nolan made some investigation on plate glass losses; that in the case of default of a contractor engaged in the construction of a residence for Emmons, a claim was filed with him; and that the American Surety Company recognized it.

The notice is not judicial process designed to confer jurisdiction over the person of the sureties and its absence presents no question of lack of due process of law. It is not necessary that service be had upon an agent appointed in a particular manner or in a prescribed way, such as the designation of an agent of a foreign corporation upon whom judicial process may be served. No specified manner of creating agency for such purpose is required. Whether an agent is clothed with authority to receive the notice is a question of fact. The state of Minnesota has a statute quite similar to the one under consideration here and it has been held there that service may be had upon an agent who has actively engaged in transacting the business of the surety company for a considerable time and who executed the bond in suit on its behalf. Ilg Electric Ventilating Co. v. Conner, 172 Minn. 424, 215 N.W. 675. That conclusion finds analogous support in other cases. Clow & Sons v. A. W. Scott Co., 162 Minn. 501, 203 N.W. 410; Vesey v. Commercial Union Assur. Co., 18 S.D. 632, 101 N.W. 1074; Walker v. Lancashire Ins. Co., 188 Mass. 560, 75 N.E. 66; De Michele v. London & Lancashire Fire Ins. Co., 40 Utah, 312, 120 P. 846, Ann.Cas.1914D, 1076; Southern L. Insurance Co. v. McCain, 96 U.S. 84, 24 L. Ed. 653; Humboldt Fire Ins. Co. v. W. H. Ashley Silk Co. (C.C.A.) 185 F. 54.

The written designation of agency without express limitation or restriction and the testimony concerning nature, scope, and extent of Emmons' acts in behalf of the sureties clearly support the conclusion of the trial court that he was an agent who could receive the notice with binding effect.

**The judgment is affirmed.**